**Ex parte David DICKEY.**

**No. 51405.**

Court of Criminal Appeals of Texas.

May 4, 1976.

Opinion Following Remand Nov. 10, 1976.

W. John Allison, Jr., Dallas, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a habeas corpus proceeding seeking to appeal his conviction for burglary of a building, a second degree felony, wherein the punishment was assessed at six (6) years.

Upon the filing of the pro se habeas corpus application, the convicting court did not conduct an evidentiary hearing, but made findings of fact and conclusions of law and denied relief.

The trial court found that on February 17, 1975, the petitioner appeared in open court with counsel and prior to trial signed a sworn instrument which waived the right to trial by jury, the appearance, confrontation and cross-examination of witnesses, and included stipulations, etc., and said instrument concluded with a statement that petitioner knew of and waived his right to file a motion for new trial or in arrest of judgment, as well as his right to appeal his conviction to the Texas Court of Criminal Appeals.

The court found the instrument was signed by petitioner and his counsel and filed prior to trial and that petitioner waived his notice of appeal prior to trial. The court further found that during trial petitioner confirmed all of the waivers he had made in writing.

The court further found that on February 26, 1975, and within ten days after sentence, the petitioner gave written notice of appeal, which was within the time limits prescribed by Article 44.08(c), Vernon's Ann.C.C.P. The court denied such notice of appeal, finding that petitioner had earlier made a knowing and intelligent waiver of his right of appeal.

After the record reached this court, a supplemental transcript was forwarded to this court reflecting that immediately after the court pronounced sentence in the case the court asked:

"Now, you want to waive your right of appeal, is that right, is that my understanding?"

The defendant replied, "Yes, sir."

The record before this court is meager. The *only* instruments brought forward in support of the trial court's findings and conclusions are the judgment and sentence and the above-quoted excerpt from the court reporter's notes.

■ There is dictum in *Reed v. State,* 516 S.W.2d 680 (Tex.Cr.App.1974), that "a knowing and intelligent waiver of the right to appeal would only prevent him from appealing without consent of the trial court." With this we agree.

■ The question thus presented is whether the petitioner knowingly and intelligently waived his right of appeal. The trial court's findings and conclusions are to this effect, but it is well established that findings and conclusions of the trial court in Article 11.07, Vernon's Ann.C.C.P., proceedings are not binding on this court. *Ex parte Bratchett,* 513 S.W.2d 851 (Tex.Cr. App.1974); *Ex parte Bazemore,* 430 S.W.2d 205 (Tex.Cr.App.1968); *Ex parte Williams,* 486 S.W.2d 566 (Tex.Cr.App.1972); *Ex*

*parte Young,* 418 S.W.2d 824 (Tex.Cr.App. 1967).

■ There was no evidentiary hearing, and precious little in the instruments brought forward helps to support the findings made that the waiver of appeal was knowing and intelligent. There is nothing to show the age, education, background of the petitioner or his prior experience with courts, if any, or whether the right of appeal was explained to him by counsel or anyone else. The instrument filed prior to trial mentioned by the court's findings is not in the record before us, but even if it was, the procedure of requiring a defendant to waive the right of appeal prior to trial should be condemned. At this point the right has not yet matured, the defendant has no way of knowing with certainty the punishment that will be assessed and cannot anticipate the errors that may occur during the trial. Surely a waiver of appeal under such circumstances cannot be knowingly and intelligently made. Under such procedure the waiver of the right of appeal, as well as waiver of motion for new trial, etc., becomes an integral part of the plea bargaining procedure, and the defendant is put in the position of fearing that if he does not waive such rights it may affect the punishment assessed or result in a denial of his motion for probation, if any.

The trial court mentioned that during trial the petitioner confirmed the waivers he made, but the transcription of the court reporter's notes is not in the record before us, but here again a waiver of appeal during trial would be a premature waiver.

It is true, as set out above, that the trial court briefly inquired after sentencing whether the petitioner waived notice of appeal and received an affirmative answer. This, without more, makes it difficult to hold that the waiver was knowingly and intelligently made. The petitioner may well have thought after the earlier written waivers he had no choice in the matter.

This cause is remanded to the trial court for an evidentiary hearing in which it can be determined if the waiver of appeal was knowingly and intelligently made. The tri-al court shall, after such hearing, file findings of fact and conclusions of law and forward the same along with the record to this court. It is far better that this matter be determined now rather than years later when the record of the trial may no longer be in existence and when a new trial might have to be ordered.

ODOM, Judge, concurring in part and dissenting in part.

The record reflects that petitioner gave written notice of appeal within ten days of sentencing. By refusing to grant relief and to award petitioner an appeal from his conviction upon this fact alone, and by directing the trial judge to conduct a hearing on the issue of the voluntariness of petitioner's waiver of his right to appeal, the majority holds that such a waiver, if valid, does bar appellate review. The majority also quote with approval from *Reed v. State,* 516 S.W.2d 680, for the proposition that following such a waiver appeal may be had only with consent of the trial court. With these two holdings I concur. I do, however, take exception to the conclusion that a hearing should be held on the voluntariness of the waiver, for the simple reason that petitioner has yet even to allege that the waiver was involuntary. It is significant that the majority opinion nowhere even states what petitioner's allegations are, but instead merely states the relief sought. I here state the reasons that in my opinion require a denial of relief, and preclude directing the judge of the convicting court to conduct an evidentiary hearing on the matter.

Criminal procedure in Texas provides several means by which appellate review may be secured. First, appellate review may be secured by giving timely notice of appeal. Article 44.08, V.A.C.C.P. Second, for good cause shown the trial court in the same term of court may permit a late notice of appeal. Article 44.08(e), supra. In that event, however, the finding of good cause must be supported by evidence in the record and is subject to review by this Court. E.g., *Martinez v. State,* Tex.Cr.App., 511 S.W.2d 984, 935–936. Third, by postconviction habeas corpus action, upon a showing

that one has been deprived of his right to appeal, relief in the form of an out-of-time appeal may be secured.

In the instant case, petitioner waived his right to appeal, but subsequently, within the statutory period, filed a notice of appeal. Petitioner contends that he has been denied his right to appeal. He does not allege any factual basis attacking the voluntariness of his waiver. Absent such allegations of fact, his position appears to be this: The course of events, showing a notice of appeal filed within ten days of sentencing, invoked his right to appeal. It is my understanding that the majority hold that the waiver of right to appeal terminates the ten day period at that time; the unilateral action of a convicted defendant filing notice of appeal is not effective as a withdrawal of the waiver; and the waiver may be withdrawn only with the consent of the trial court.[1] Because appellant did not secure the consent of the trial court to withdraw his waiver of the right to appeal, his contention is without merit. He was not denied his right to appeal; he waived his right to appeal.

Permission to withdraw a waiver of the right to appeal is a matter of grace[2] and no grounds therefor need be alleged or shown, as distinguished from permission to file a late notice of appeal, which must be supported by a showing of good cause. Furthermore, withdrawal of the waiver, without more, would only permit perfection of the right to appeal if notice of appeal is then given within the statutory time, unless in addition a showing is made that would authorize a late notice of appeal or an out-of-time appeal. Withdrawal of the waiver alone will permit an appeal, then, only if secured within ten days of the event (see Article 44.08, supra) from which the ten day period is measured.

The proposition that filing notice of appeal within the ten day period automatical-ly withdraws the waiver is rejected by the majority in favor of the rule that the waiver may be withdrawn only with permission of the court. In contrast to *withdrawal* of the waiver is action seeking to *set aside* the waiver for cause. The setting aside of such a waiver is relief that may be sought upon allegation of sufficient cause, such as involuntariness of the waiver, and that may be pursued by motion in the trial court filed in the original cause during term time, either before or after expiration of the ten day period, or by an original cause, such as application for habeas corpus seeking an out-of-time appeal, even after expiration of the term. Unlike action denying a request to *withdraw* the waiver, action refusing to *set aside* the waiver may be presented to this Court for examination, either by application for writ of habeas corpus under Article 11.07, V.A.C.C.P., or, in an appropriate case, by original mandamus action.

Petitioner's application alleges no facts attacking the voluntariness of his waiver. He does not seek to have the waiver set aside; he only seeks to have it withdrawn. This Court is without power to afford him relief upon his claim. If petitioner does have a potentially meritorious claim upon which the waiver might be set aside, his recourse is to file an application for writ of habeas corpus in the convicting court alleging such facts and requesting that the waiver be set aside and he be given an out-of-time appeal. The application before us, however, contains no such allegations, and the record before us at most raises a suspicion that the waiver may not have been voluntary. This Court's action upon such an application and record directing the judge of the convicting court to conduct a hearing upon the issue of whether the waiver was voluntary constitutes a radical departure from this Court's established practice of strictly enforcing the requirement that an application for writ of habeas cor-

---

1. See *Reed v. State,* 516 S.W.2d 680, in which it was stated in dictum, "a knowing and intelligent waiver of the right to appeal would only prevent him from appealing without consent of the trial court."

2. "A favor or indulgence as distinguished from a right." Black's Law Dictionary, rev. 4th ed., 1968, p. 826; 38 C.J.S. p. 971.

pus must contain sworn allegations of fact which, if true, would entitle petitioner to relief. Absent a persuasive presentation of reasons, either peculiar to this case or based on some broader principle, I do not favor such a departure from the requirement that the application allege such facts.

I therefore dissent to the issuance of the order of the Court.

DOUGLAS, Judge (dissenting).

After petitioner entered a plea of guilty to the indictment charging him with burglary, evidence was introduced and he was found guilty. He waived the ten-day period for filing a motion for new trial.

On February 17, 1975, *after sentence was pronounced,* he waived his right to appeal. On February 26, petitioner filed a written notice of appeal. On March 28, petitioner filed what he terms a "Writ of Habeas Corpus For Notice of Appeal."

The Honorable Don Metcalfe, the hearing judge, found that petitioner made a voluntary and intelligent waiver of his right to appeal after he was sentenced. In *Reed v. State,* 516 S.W.2d 680, 682 (Tex.Cr.App. 1974), this Court wrote:

"... A knowing and intelligent waiver of the right to appeal would only prevent him from appealing without consent of the trial court. ..."

In *Abron v. State,* 531 S.W.2d 643 (Tex. Cr.App.1976), this Court wrote that the waiver of the right to appeal at the time of sentencing "is effective unless and until a timely notice of appeal is filed." It appears that the better rule is found in the *Reed* case.

Often a defendant wants to waive time for filing a notice of appeal so that he may start serving the punishment assessed in order to get extra credit for time while serving at the Department of Corrections. In many cases, people who are convicted and who waive time for giving notice of appeal are transported immediately to Huntsville. If they are not satisfied with the accommodations there, they could give notice of appeal after they have been through the diagnostic unit. The appeal process would then start. In most cases, a lawyer would have to be appointed. If the lawyer finds that the appeal is frivolous, as most of them are after a plea of guilty has been entered, he must serve the person convicted with a copy of the brief and afford him a chance to file a brief in his own behalf. Then a copy of the record can be demanded by the appellant for filing his own brief. Other expensive delays and complications could arise.

The rule of this Court regarding the filing of a motion for new trial after a defendant has waived his time for filing should be followed. See *Robinson v. State,* 505 S.W.2d 298 (Tex.Cr.App.1974), where it is written:

"... And 'good cause' should be shown for the late filing of such a motion for new trial. ..."

See also, *Bennett v. State,* 450 S.W.2d 652 (Tex.Cr.App.1970); *Bedell v. State,* 443 S.W.2d 850 (Tex.Cr.App.1969), and *Adams v. State,* 440 S.W.2d 844 (Tex.Cr.App.1969).

Where there has been a waiver of the right to appeal *after sentencing,* this should not be set aside unless good cause has been shown to the trial judge. The finding of good cause would be subject to review by this Court. Since petitioner waived his right to file a notice of appeal after that right accrued, and since there is no good cause shown or even alleged to allow him to withdraw the waiver, no further hearing on the matter should be required.

The majority holds that another hearing should be held to see if there was a knowing waiver of his right to appeal. This will probably amount to an exercise in futility. The petitioner will probably testify that he did not knowingly waive his right to appeal even though he did so before the court after he had been sentenced. There was also a premature written waiver before the trial. The hearing court conducted the trial, heard the evidence, saw the petitioner and heard him state that he waived his right to appeal. What other evidence is necessary? If this matter comes back to this Court, it may be in the same position as it is now.

**104**

Will the majority require more if there is nothing to add?

The procedure adopted by the majority will in effect cause the jails to be further crowded by keeping admitted and judicially found felons until there is no possibility that they might say, "I was denied my right to appeal." Does this new rule apply to all waivers where a petitioner merely alleges he was denied a right?

The matter should be closed with the finding of the court in this case until something is at least alleged entitling petitioner to relief.

## OPINION FOLLOWING REMAND

ONION, Presiding Judge.

Following remand on original submission of this habeas corpus proceeding, seeking an out-of-time appeal of petitioner's conviction for burglary of a building, wherein the punishment was assessed at six (6) years, the cause was remanded to the trial court for an evidentiary hearing to determine if the waiver of appeal was knowingly and intelligently made.

After such evidentiary hearing, the trial court filed its findings of fact and conclusions of law.

The record shows that at the time of trial the petitioner was 24 years old and had gone to the ninth grade in school. A psychiatric evaluation by Dr. Grigson prior to trial revealed that petitioner's behavior was normal, and he was oriented as to time, place and person though of a lower average intelligence. Dr. Grigson's report revealed his opinion that petitioner was competent to stand trial and able to assist his attorneys.

After listening to the petitioner testify at the evidentiary hearing, the trial court found that the petitioner had enough intelligence, education and awareness to understand the nature of the rights he was waiving and the consequences of those waivers. The court further found that petitioner had previously been convicted of two felonies and that in the latter conviction he had given notice of appeal and had withdrawn it some five months previously and thus had some awareness of court procedures. The court further found that the petitioner had waived his right of appeal in open court following sentencing.

█ The court concluded as a matter of law that the waiver of appeal was intelligently and knowingly made. We conclude the evidence is sufficient to support the trial court's findings.

The relief prayed for is denied.