**Ex parte Willie Festus HOGAN.**

**No. 54307.**

Court of Criminal Appeals of Texas.

Oct. 12, 1977.

Carol S. Vance, Dist. Atty., and Clyde DeWitt, III, Asst. Dist. Atty., Houston, Jim

D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This cause was ordered filed and set for submission as a post-conviction habeas corpus application under Article 11.07, V.A.C. C.P.

The convicting court entered an order reciting in part:

"The Petitioner was convicted in this court in Cause No. 238020, hereafter styled the primary case. After sentencing he was addressed by the court and waived orally and in writing his right of appeal. His attorney approved that action.

"The Petitioner now has filed what purports to be a notice of appeal in the primary case. Good cause for filing the notice of appeal is not shown. Permission to withdraw the waiver of appeal is denied. The notice of appeal is ineffective to initiate the appellate process in the primary case.

"Construing the notice of appeal as a post-conviction application for writ of habeas corpus in which the Petitioner asserts that his waiver of appeal was not voluntarily entered, the court finds that the Petitioner's waiver of right to appeal and of ten days in which to give notice of appeal were knowingly, intelligently and voluntarily entered and good cause for filing an out of time appeal has not been shown."

Although the district court construed the notice of appeal as an *assertion* that the waiver of appeal [1] was not voluntary, the notice of appeal does not *allege facts* that, if proven, would show the waiver was

coerced or involuntary. Furthermore, there is nothing in the record suggesting involuntariness that would support sua sponte consideration of the issue. For want of an allegation of facts that, if true, would entitle petitioner to relief, the cause is dismissed. To the extent that *Ex parte Dickey*, Tex.Cr.App., 543 S.W.2d 99, is in conflict with this opinion, it is overruled, and hereafter no attack on a waiver of the right to appeal will be entertained in the absence of factual allegations supporting such a claim.

It is so ordered.

ONION, Presiding Judge, concurring in part and dissenting in part.

I concur in the result reached, but I dissent to the overruling of *Ex parte Dickey*, 543 S.W.2d 99 (Tex.Cr.App.1976), to the extent of any conflict. There is no need for this overruling as this case and *Dickey* are not in conflict.

In the instant case the petitioner filed a written notice of appeal within ten days after sentence had been pronounced although there had been an earlier waiver of appeal after sentence. The handwritten instrument merely gave notice of appeal and made no other request. The trial court denied permission to withdraw the waiver and then construed the notice of appeal as a post-conviction application for writ of habeas corpus as asserting his waiver of appeal was not voluntarily entered. This was a gratuitous construction for there was no assertion that petitioner was denied his right of appeal or that his waiver of appeal was not voluntarily entered. The court then forwarded certain selected portions of the record, including the oral and written waivers of appeal made after sentence.

---

1. Note Article 44.02, V.A.C.C.P., as amended, Acts 1977, 65th Leg., ch. 351, p. 940, effective August 29, 1977, which now provides:

"Art. 44.02. *Defendant may appeal*

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter."

In *Ex parte Dickey*, supra, the defendant also filed a written notice of appeal within ten days after sentence. The trial court denied such notice of appeal, finding Dickey had earlier made a knowing and intelligent waiver of appeal. The trial court took no further action in connection therewith. Subsequently, Dickey, unlike the instant case, filed a pro se post-conviction application for writ of habeas corpus seeking to appeal his burglary conviction. The court did not conduct an evidentiary hearing, but made findings of facts and conclusions of law and denied relief.

The record which reached this court in *Dickey* showed Dickey had waived his right of appeal prior to trial and during trial confirmed the waiver he made in writing. A supplemental record was later filed showing Dickey had answered "Yes Sir" to the court's inquiry *after sentence* if he wanted to waive his right of appeal. This court held that the waiver prior to trial or the confirmation of such waiver during trial was premature and not binding on *Dickey*,[1] and that evidence of waiver *after sentence* was meager and, without more, made it difficult to determine if the waiver after sentence was knowingly and intelligently made for Dickey may well have thought he had no choice in the matter in light of the earlier invalid waivers. The cause was remanded for an evidentiary hearing to determine if the waiver of appeal made after sentence was knowingly and intelligently made. Following remand it was determined that the waiver after sentence was knowingly and intelligently made.

Thus, *Dickey* and the instant case are clearly distinguishable and are not in conflict. *Dickey*, which has been frequently cited by this court, need not be overruled even if the overruling is limited to the extent of any conflict which is not explained. What holding of *Dickey* in the majority opinion is to be overruled? If it be something attributed to the majority opinion by the opinion concurring in part and

dissenting in part, then this should be made plain for the bench and bar. It may be that the overruling is directed to the conclusion in the opinion concurring in part and dissenting in part that the allegations in Dickey's habeas corpus petition were insufficient. If this be so, then it should be remembered that while Dickey's pro se habeas corpus petition may not have been drawn with lawyer-like precision or form book accuracy, when its allegations were considered in light of the record of invalid premature waivers of appeal, etc., the question of whether the waiver after sentence was voluntary, knowingly and intelligently made was clearly raised.

For the reasons stated, I concur in the result reached, but I would not overrule *Dickey*.

1. This holding in *Dickey* has been consistently followed. See *Ex parte Thomas*, 545 S.W.2d 469 (Tex.Cr.App.1977); *Bailey v. State*, 543 S.W.2d 653 (Tex.Cr.App.1976); *Ex parte Townsend*, 538 S.W.2d 419 (Tex.Cr.App.1976).