**Ex parte Robert Daniel TABOR.**

**No. 54415.**

Court of Criminal Appeals of Texas, En Banc.

May 24, 1978.

Keith Woodley, Comanche, for appellant.

Jim Vollers, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

Our opinions on original submission are withdrawn and the following is substituted in lieu thereof.

This is an appeal from an order of the 35th District Court entered in a habeas corpus proceeding denying bail pending appeal.

The trial court denied bail on the ground that the appellant waived his right of appeal. Appellant does not deny that he had waived his right of appeal, but contends he subsequently gave notice of appeal within ten days of sentencing and he is therefore entitled to bail pending appeal. See Article 44.08, V.A.C.C.P.

The record at the habeas corpus hearing reflects that on January 24, 1977 the appellant entered a plea of guilty before the court to the offense of possessing less than four ounces of marihuana, a Class A misdemeanor. Punishment was assessed at twelve (12) months' confinement in the county jail. Sentence was entered on the same date. A written waiver of the right of appeal was then filed. Subsequently a written notice of appeal by appellant's counsel was filed on January 28, 1977. On February 1, 1977 appellant executed a $10,-000 appeal bond. On February 2, 1977 the court issued a capias for appellant's arrest. On February 8, 1977 the appellant filed an application for writ of habeas corpus alleging that to deny him the right of appeal would be to deny him due process. No claim was made that the waiver of the right of appeal was coerced or involuntary.

At the habeas corpus hearing appellant argued that despite the waiver of the right of appeal he can re-assert his right of appeal so long as he gives notice of appeal within ten days of the sentencing, which he did, and that this gives him the absolute right of appeal to the Court of Criminal Appeals. At the conclusion of the hearing, the court denied relief on the ground that the appellant had waived the right of appeal after sentence. The request for bail was denied.

On appeal in support of his contention, appellant cites the following language from *Abron v. State*, 531 S.W.2d 643 (Tex.Cr. App.1976):

". . . When an appellant makes a voluntary and intelligent waiver of his right to appeal at the time of sentencing, such waiver is effective unless and until a timely notice of appeal is filed. . . ."

In *Ex parte Dickey*, 543 S.W.2d 99 (Tex. Cr.App.1976), we adopted the statement in *Reed v. State*, 516 S.W.2d 680 (Tex.Cr.App. 1974), to the effect that a knowing and intelligent waiver of the right to appeal will prevent a defendant from appealing without consent of the trial court. The quoted language from *Abron v. State*, supra, has therefore been rejected by this court. See *Johnson v. State*, 556 S.W.2d 816 (Tex.Cr. App.1977).

Further, in *Ex parte Hogan*, 556 S.W.2d 352 (Tex.Cr.App.1977), we held that no attack on the waiver of the right to appeal would be entertained in the absence of factual allegations supporting the claim that the waiver was coerced or involuntary.

Here the trial court, in view of the waiver, found the notice of appeal to be ineffective to initiate the appellate process, denied bond, and ordered petitioner held in custody "until this sentence in this case is served." Thus the trial court did not consent to petitioner appealing. There were no allegations or proof at the habeas corpus proceedings that the waiver of the right of appeal was coerced or involuntary, and there is nothing in the record suggesting coercion or involuntariness.

The State's motion for rehearing is therefore granted, and the relief sought by petitioner is denied.

ROBERTS and PHILLIPS, JJ., dissent.

VOLLERS, J., not participating.