**Eddie SMITH III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–92–0352–CR.**

Court of Appeals of Texas, Amarillo.

July 19, 1993.

Discretionary Review Refused Oct. 20, 1993.

J. Pink Dickens, Plainview, for appellant.

Terry McEachern, Dist. Atty., Robert W. Kinkaid, Jr., Plainview, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Finding appellant guilty of aggravated robbery, the jury assessed his punishment at confinement for 50 years, and a fine of $2,500. Appellant has presented three points of error, but we are unable to pass on their merits because he waived his right to appeal and, thus, the points are not properly before us. Consequently, we will dismiss the appeal for want of jurisdiction.

After pronouncing sentence in accordance with the jury's verdicts on appellant's guilt and punishment, the trial court outlined for appellant his basic right to appeal his conviction, and appellant acknowledged that he understood the explanation. Then, the following colloquy occurred:

The Court: All right. Do you know whether or not you wish to appeal this case?

The Witness [Appellant]: I don't want to appeal it.

Mr. Piper [appellant's trial counsel]: Your Honor, we have entered into an agreement with the District Attorney's office that in return for his dismissal of cause nos. 11,050 and 11,051, which Mr. Smith is the defendant, we will waive the right to appeal in this particular case.

The Court: Okay. Mr. Smith, is that your wish?

The Witness: That's my wish.

The Court: Now, your attorney was appointed to represent you, and you understand if you choose to appeal, another attorney could be appointed to represent you. But you wish to give up your right to appeal and let this judgment become final. Is that correct?

The Witness: That's it.

The Court: All right. Did anyone force you to give up your right to appeal or promise you anything if you would do so?

The Witness: No, sir.

The Court: You are surrendering that right freely and voluntarily?

The Witness: Yeah.

The Court: All right. The record will show a waiver of his right to appeal in open court, and I will entertain the

State's motion to dismiss those other two causes. . . .

The record affirmatively reveals that the other two causes were dismissed.

Later, appellant moved the court for a new trial, alleging, in part, that he did not understand the consequences of his waiver of appeal. After consideration, the court overruled the motion.

In his appellate brief, appellant asserts that no written waiver was filed, and the oral waiver was involuntary because he did not understand at the time it was made that he was giving up his right to have this court review his appeal. Appellant submits the trial court erred in not conducting a hearing on his motion for new trial to determine if he voluntarily waived his right to appeal; hence, he requests us to grant him a new trial or, in the alternative, abate the appeal in order that a hearing might be conducted to determine the voluntariness of his waiver.

At the outset, we observe that the record reveals there was, in fact, a written waiver, signed by appellant and his trial counsel,[1] filed of record, and reciting that:

> [A]fter having been sentenced by the Court to a term of not less than 50 nor more than 50 years in the Texas Department of Corrections for the offense of AGGRAVATED ROBBERY, and after being informed by the Court of his right to appeal to the Court of Appeals, Seventh Supreme Judicial District, Amarillo, Texas, and his right to be represented on appeal by an attorney of his choice or if he is too poor to pay for such attorney or the record on appeal, that the Court will, without expense to him provide an attorney and a proper record for such an appeal, and after consulting with his attorney does hereby voluntarily, knowingly, and intelligently, waive his right to appeal by attaching his signature hereto.

On its face, the written waiver shows appellant knowingly and voluntarily waived his right to appeal.

It is well established that a criminal defendant may waive many of the rights he enjoys, including the right to appeal. *Faulder v. Hill,* 612 S.W.2d 512, 514 (Tex.Cr.App.1980). A knowing and intelligent waiver of the right to appeal will prevent a defendant from appealing without the consent of the trial court. *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Cr. App.1978). By overruling appellant's motion for new trial, by which he raised the issue of the voluntariness of his waiver, the trial court refused to consent to this appeal. *Accord id.* Consequently, we must determine (1) whether the waiver was made knowingly and intelligently, and if so, (2) whether appellant is bound by the bargain he made to waive his right to appeal if the State dismissed two robbery indictments against him.

Appellant is deemed to have agreed to the terms of the bargain as set forth by his trial counsel knowingly and voluntarily unless he shows otherwise. *Ex parte Williams,* 637 S.W.2d 943, 947 (Tex.Cr. App.1982), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983). No attack on a waiver of the right to appeal will be entertained without factual allegations supporting a claim of coercion or involuntariness. *Ex parte Hogan,* 556 S.W.2d 352, 353 (Tex.Cr.App.1977).

Appellant contends he is not bound to his bargain because the waiver was made involuntarily in that he did not understand the consequences of the waiver. However, the record reveals that appellant was advised of his right to appeal, that he stated he understood what he was doing, and that he willingly waived his right to appeal. There were no allegations or proof in the affidavit filed with his motion for new trial that the waiver of the right to appeal was coerced or involuntary, and there is nothing in the record suggesting coercion or involuntariness.

Appellant had the opportunity to develop evidentiary facts regarding the voluntari-

---

1. The attorney representing appellant on appeal began as appellant's counsel at trial but, at appellant's request, was removed and a second counsel was appointed. The second counsel is the trial attorney of record whose signature appears on the waiver; thus, we will assume appellant's present counsel inadvertently overlooked the filing in the record.

ness of his waiver in his motion for new trial and did not do so. Inasmuch as he failed to provide evidence at trial, or in his motion for new trial, that the waiver was involuntary, he is not now entitled to an evidentiary hearing to develop such evidence. *Accord Ex parte Tabor,* 565 S.W.2d at 946; *and see Lewis v. State,* 711 S.W.2d 41, 43–44 (Tex.Cr.App.1986).

Failing to show otherwise, appellant is deemed to have knowingly and intelligently agreed to the terms of his bargain not to appeal if the prosecution dismissed the two robbery indictments against him. We must now determine whether appellant can be held to that bargain.

■ Although the bargain was not in exchange for appellant's plea, this situation is akin to a plea bargaining situation. Plea bargaining consists of the prosecutor making concessions regarding specific punishment, lesser charges, the reduction of counts, and the like, in exchange for the defendant's bargain to make a plea of guilty or nolo contendere or, as in this instance, to waive some right the defendant enjoys. Such bargaining flows from the mutuality of advantage to the defendant and the prosecution, each with their own reason for wanting to avoid trial. *Ex parte Williams,* 637 S.W.2d at 947. The specific terms of the bargain are left to the parties, and we will not interfere with those terms unless they appear to be manifestly unjust. *Id.* at 948. The bargain must stand unless there was a misrepresentation by the State. *Shannon v. State,* 708 S.W.2d 850, 852 (Tex.Cr.App.1986).

The situation here is distinguished from those in cases such as *Ex parte Townsend,* 538 S.W.2d 419 (Tex.Cr.App.1976), and *Ex parte Thomas,* 545 S.W.2d 469 (Tex.Cr. App.1977). In *Townsend,* the defendant waived his right to appeal prior to trial, 538 S.W.2d at 419, and in *Thomas,* the defendant waived his right to appeal after his conviction but prior to sentencing, 545 S.W.2d at 469. In both instances, the court held that the waivers were premature because the defendants had no way of knowing with certainty the punishment that would be assessed or the errors that might occur at trial. *Id.* at 470; *Ex parte Townsend,* 538 S.W.2d at 420.

■ Unlike the premature waivers in *Townsend* and *Thomas,* appellant did not waive his right to appeal until after he had been sentenced. At that time, appellant, being fully aware of the sentence imposed and the errors he now attempts to raise, still made, under this record, a knowing and voluntary waiver of his right to appeal, conditioned upon the State's performance of its part of the bargain. The record shows, and appellant concedes, that the State kept its bargain.[2] The Court of Criminal Appeals has held that a knowing and intelligent waiver of the right to appeal made after sentencing is binding upon the defendant. *Ex parte Dickey,* 543 S.W.2d 99, 104 (Tex.Cr.App.1976), *overruled in part, Ex parte Hogan,* 556 S.W.2d 352 (Tex.Cr.App.1977).[3]

Appellant was entitled to the benefit of his bargain with the State and, indeed, received that for which he knowingly and voluntarily bargained. *Ex parte Watkins,* 770 S.W.2d 816, 819 (Tex.Cr.App.1989). Although, for some reason, the bargain may

---

**2.** In his affidavit supporting his motion for new trial, appellant states that he understands "if the judge agrees to withdraw this waiver because I did not understand it, the District Attorney will refile the two dismissed robbery cases and after they are tried, he will probably ask the court to 'stack' the cases...." In its brief, the State requests that if we determine the waiver was involuntary, that we determine whether it should be allowed to "proceed with the prosecution in the two cases dismissed as a result of the waiver."

**3.** In *Dickey,* the Court reversed for an evidentiary hearing to determine the voluntariness of the waiver. 543 S.W.2d at 101. This practice, to the extent it is at odds with the principle that such a waiver is not subject to attack absent a showing of coercion or involuntariness, has been overruled. *Ex parte Hogan,* 556 S.W.2d at 353. Nevertheless, *Dickey* has not been overruled for all purposes, *see, e.g., Ex parte Smith,* 650 S.W.2d 68, 70 (Tex.Cr.App.1982), and *Ex parte Tabor,* 565 S.W.2d at 945, but only as limited in *Hogan.* Therefore, *Dickey* remains sound authority to support the principle that a knowing and intelligent waiver made after sentence has been imposed is binding upon the defendant.

now have paled, the record reflects that he was properly advised regarding his right to appeal, that he knowingly and voluntarily waived the right, and there is nothing to show that he was harmed by the terms of his bargain. Just as the State was bound to uphold its part of the bargain, so was appellant bound to uphold his part of the bargain. *Ex parte Williams,* 637 S.W.2d at 948.

Absent factual allegations supporting his claim that his waiver of the right to appeal was involuntary, appellant may not now attack his waiver. *Ex parte Tabor,* 565 S.W.2d at 946. Because appellant knowingly and voluntarily gave up his right to appeal, he must be held to the bargain he made. Therefore, we have no authority to review the merits of his contentions of error regarding the sufficiency of evidence or racial discrimination in jury selection.

Accordingly, the appeal is dismissed for want of jurisdiction.