MARY'S OPINION HEADING 




 NO. 12-01-00317-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




THOMAS SMITH,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






PER CURIAM


 This attempted appeal is being dismissed because Appellant waived his right to appeal. On
September 12, 2001, Appellant pleaded guilty to the offense of driving while intoxicated, and the
court sentenced him to ten years of imprisonment and a $5,000.00 fine. Following conviction and
imposition of sentence, Appellant filed a "Waiver of Motion for New Trial and Motion in Arrest of
Judgment and Waiver of Right to Appeal," which was signed by Appellant and his attorney, and
approved in writing by the trial court on September 28, 2001. On October 24, 2001, Appellant filed
a pro se notice of appeal.

 A defendant may waive many of his rights including the right to appeal. Riley v. State, 963
S.W.2d 932, 933 (Tex. App.- Austin 1998, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.- Amarillo 1993, pet. ref'd). See also Tex. Crim. Proc. Code Ann. art. 1.14(a) (Vernon Supp.
2002). A knowing and intelligent waiver of the right to appeal made after sentence is imposed will
prevent a defendant from appealing without the consent of the trial court. Ex parte Tabor, 565
S.W.2d 945 (Tex. Crim. App. 1978); Riley, 963 S.W.2d at 933. "No attack on a waiver of the right
to appeal will be entertained without factual allegations supporting a claim of coercion or
involuntariness." Smith, 858 S.W.2d at 609. 

 Nothing in the record shows that Appellant's waiver of the right to appeal was not voluntarily
and intelligently made. The document Appellant signed, entitled "Waiver of Motion for New Trial
and Motion in Arrest of Judgment and Waiver of Right to Appeal" ("Waiver"), acknowledged that
sentence had been imposed, that he understood he had the right to file a motion for new trial, motion
in arrest of judgment and a notice of appeal, and that he waived those rights. The Waiver was also
signed by Appellant's trial counsel. The trial court then entered the following ruling: 


 On this day came for consideration the Defendant's motion to waive the time for filing a motion for
new trial and motion in arrest of judgment and to waive his/her right to appeal, and having considered
the same, the said motions are hereby GRANTED and said waivers are accepted. 


 On November 27, 2001, Appellant's counsel filed a letter in this Court wherein he concludes
that Appellant waived his right to appeal both his conviction and sentence. Because Appellant
appears to have knowingly and voluntarily forfeited his right to appeal after sentence was imposed,
and the trial court did not grant him permission to appeal, his notice of appeal was ineffectual and
the waiver is binding upon him. Hill v. State, 929 S.W.2d 607, 609 (Tex. App.- Waco 1996, no
pet.); Smith, 858 S.W.2d at 609. 

 Appeal dismissed.

Opinion delivered November 30, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



















(DO NOT PUBLISH)