MARY'S OPINION HEADING 




 NO. 12-01-00315-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



SHERMAN JOHNSON, JR.,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






PER CURIAM


 This attempted appeal is being dismissed because Appellant waived his right to appeal. On
September 10, 2001, Appellant pleaded guilty to the offense of driving while intoxicated. 
Thereafter, on September 21, 2001, the court sentenced him to sixteen years of imprisonment and
a $5,000.00 fine. Following conviction, Appellant filed a "Waiver of Motion for New Trial and
Motion in Arrest of Judgment and Waiver of Right to Appeal," which was signed by Appellant and
his attorney, and approved in writing by the trial court on September 21, 2001.

 A defendant may waive many of his rights including the right to appeal. Riley v. State, 963
S.W.2d 932, 933 (Tex. App.- Austin 1998, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.- Amarillo 1993, pet. ref'd). See also Tex. Crim. Proc. Code Ann. art. 1.14(a) (Vernon Supp.
2002). A knowing and intelligent waiver of the right to appeal made after sentence is imposed will
prevent a defendant from appealing without the consent of the trial court. Ex parte Tabor, 565
S.W.2d 945 (Tex. Crim. App. 1978); Riley, 963 S.W.2d at 933. "No attack on a waiver of the right
to appeal will be entertained without factual allegations supporting a claim of coercion or
involuntariness." Smith, 858 S.W.2d at 609. 

 Nothing in the record shows that Appellant's waiver of the right to appeal was not voluntarily
and intelligently made. The document Appellant signed, entitled "Waiver of Motion for New Trial
and Motion in Arrest of Judgment and Waiver of Right to Appeal" ("Waiver"), acknowledged that
sentence had been imposed, that he understood he had the right to file a motion for new trial, motion
in arrest of judgment and a notice of appeal, that he had a right to counsel on appeal and that he
expressly waived those rights. The Waiver was also signed by Appellant's trial counsel. The trial
court then entered the following ruling: 

 On this day came for consideration the Defendant's motion to waive the time for filing a motion for
new trial and motion in arrest of judgment and to waive his/her right to appeal, and having considered
the same, the said motions are hereby GRANTED and said waivers are accepted. 


 Rule 44.3 of the Texas Rules of Appellate Procedure requires that an Appellant be notified
and given an opportunity to correct or amend defects or irregularities in appellate procedure prior
to the dismissal of an appeal on that basis. Appellant's waiver of the right to appeal was not a defect
or irregularity in appellate procedure. Nevertheless, because it appeared that Appellant's appeal
would have to be dismissed due to his waiver of that right, as a courtesy to Appellant, this Court
notified him on November 21, 2001 that because he had waived his right to appeal after sentence was
imposed, the record did not support his presentation of an appeal. Appellant was then informed that
he had until on or before December 3, 2001 to establish his right to appeal, and if he was unable to
do so within that time, the case would be dismissed.

 On November 29, 2001, Appellant responded to our notice. In his letter, Appellant conceded
that there is a signed, file-marked waiver of all appeal rights in the clerk's record. However, he
noted that the apparently incomplete reporter's record of the sentencing hearing on September 21,
2001 showed that Appellant may have withdrawn his guilty plea. Appellant asked this Court to
refrain from dismissing the appeal until a complete record was filed. On December 6, 2001, the
court reporter filed a complete record of the sentencing hearing. The record reflects that Appellant
did not withdraw his plea and that he knowingly and voluntarily signed a waiver of his right to
appeal. 

 Because Appellant appears to have knowingly and voluntarily forfeited his right to appeal 
after sentence was imposed, and the trial court did not grant him permission to appeal, his notice of
appeal was ineffectual and the waiver is binding upon him. Hill v. State, 929 S.W.2d 607, 609 (Tex.
App.- Waco 1996, no pet.); Smith, 858 S.W.2d at 609. 

 Appeal dismissed.

Opinion delivered December 19, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)