MARY'S OPINION HEADING 




 NO. 12-02-00088-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




KENYA RICARDO FIELDS,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







MEMORANDUM OPINION (1)


 This attempted appeal is being dismissed because Appellant waived his right to appeal. On
November 30, 2001, Appellant pleaded guilty to the offense of indecency with a child, and the court
sentenced him to sixteen years of imprisonment. Following conviction, Appellant filed a "Waiver
of Motion for New Trial and Motion in Arrest of Judgment and Waiver of Right to Appeal," which
was signed by Appellant and his attorney, and approved in writing by the trial court on February 5,
2002.

 A defendant may waive many of his rights including the right to appeal. Riley v. State, 963
S.W.2d 932, 933 (Tex. App.- Austin 1998, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.- Amarillo 1993, pet. ref'd). See also Tex. Crim. Proc. Code Ann. art. 1.14(a) (Vernon 2002).
A knowing and intelligent waiver of the right to appeal made after sentence is imposed will prevent
a defendant from appealing without the consent of the trial court. Ex parte Tabor, 565 S.W.2d 945
(Tex. Crim. App. 1978); Riley, 963 S.W.2d at 933. "No attack on a waiver of the right to appeal will
be entertained without factual allegations supporting a claim of coercion or involuntariness." Smith,
858 S.W.2d at 609. 

 Furthermore, nothing in the record shows that Appellant's waiver of the right to appeal was
not voluntarily and intelligently made. The document Appellant signed, entitled "Waiver of Motion
for New Trial and Motion in Arrest of Judgment and Waiver of Right to Appeal" ("Waiver"),
acknowledged that sentence had been imposed, that he understood he had the right to file a motion
for new trial, motion in arrest of judgment and a notice of appeal, and that after consulting with his
counsel concerning his right to file these documents, he waived those rights. The Waiver was also
signed by Appellant's trial counsel and represented that he had consulted with and advised Appellant
concerning his right to file the foregoing motions and notice of appeal, and Appellant was expressly
waiving his right to appeal. The trial court then entered the following ruling: 


 On this day came for consideration the Defendant's motion to waive the time for filing a motion for
new trial and motion in arrest of judgment and to waive his/her right to appeal, and having considered
the same, the said motions are hereby GRANTED and said waivers are accepted. 


 Rule 44.3 of the Texas Rules of Appellate Procedure requires that an Appellant be notified
and given an opportunity to correct or amend defects or irregularities in appellate procedure prior
to the dismissal of an appeal on that basis. Appellant's waiver of the right to appeal was not a defect
or irregularity in appellate procedure. Nevertheless, because it appeared that Appellant's appeal
would have to be dismissed due to his waiver of that right, as a courtesy to Appellant, this court
notified him on May 10, 2002 that because he had waived his right to appeal after sentence was
imposed, the record did not support his presentation of an appeal. Appellant was then informed that
he had ten days to establish his right to appeal, and if he was unable to do so within that time, the
case would be dismissed. The deadline for responding to this court's notice expired on May 20,
2002, but as of May 28, 2002, Appellant had not responded.

 Because Appellant appears to have knowingly and voluntarily forfeited his right to appeal 
after sentence was imposed, and the trial court did not grant him permission to appeal, his notice of
appeal was ineffectual and the waiver is binding upon him. Hill v. State, 929 S.W.2d 607, 609
(Tex. App.- Waco 1996, no pet.); Smith, 858 S.W.2d at 609. 

 Accordingly, this appeal is dismissed.

Opinion delivered May 31, 2002

Panel consisted of Worthen, J., and Griffith, J.

(DO NOT PUBLISH)
1. See Tex. R. App. P. 47.1.