MARY'S OPINION HEADING 




 NO. 12-02-00290-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




GRANT GARDNER,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







PER CURIAM


 This attempted appeal is being dismissed because Appellant waived his right to appeal. On
August 26, 2002, Appellant pleaded guilty to the offense of aggravated robbery, and the court
sentenced him to twenty years of imprisonment. Following conviction, Appellant filed a "Waiver
of Motion for New Trial and Motion in Arrest of Judgment and Waiver of Right to Appeal," which
was signed by Appellant and his attorney, and approved in writing by the trial court on August 26,
2002. On September 16, 2002, Appellant filed a pro se notice of appeal.

 A defendant may waive many of his rights including the right to appeal. Riley v. State, 963
S.W.2d 932, 933 (Tex. App.- Austin 1998, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.- Amarillo 1993, pet. ref'd); see also Tex. Crim. Proc. Code Ann. art. 1.14(a) (Vernon 2003). 
A knowing and intelligent waiver of the right to appeal made after sentence is imposed will prevent
a defendant from appealing unless the trial court gives permission to appeal. Ex parte Tabor, 565
S.W.2d 945 (Tex. Crim. App. 1978); Riley, 963 S.W.2d at 933. "No attack on a waiver of the right
to appeal will be entertained without factual allegations supporting a claim of coercion or
involuntariness." Smith, 858 S.W.2d at 609. 

 Nothing in the record shows that Appellant's waiver of the right to appeal was not voluntarily
and intelligently made. The document Appellant signed, entitled "Waiver of Motion for New Trial
and Motion in Arrest of Judgment and Waiver of Right to Appeal" ("Waiver"), acknowledged that
sentence had been imposed, that he understood he had the right to file a motion for new trial, motion
in arrest of judgment and a notice of appeal, and that after consulting with his counsel concerning
his right to file these documents, he waived those rights. The Waiver was also signed by Appellant's
trial counsel and represented that he had consulted with and advised Appellant concerning his right
to file the foregoing motions and notice of appeal, and Appellant was expressly waiving his right to
appeal. The trial court then entered the following ruling: 


 On this day came for consideration the Defendant's motion to waive the time for filing a motion for
new trial and motion in arrest of judgment and to waive his/her right to appeal, and having considered
the same, the said motions are hereby GRANTED and said waivers are accepted. 


 Rule 44.3 of the Texas Rules of Appellate Procedure requires that an Appellant be notified
and given an opportunity to correct or amend defects or irregularities in appellate procedure prior
to the dismissal of an appeal on that basis. Appellant's waiver of the right to appeal was not a defect
or irregularity in appellate procedure. Moreover, by letter dated December 2, 2002, Appellant's trial
counsel has notified this court that he was appointed to investigate the possibility of appeal from
Appellant's plea and sentence. After conducting an investigation, counsel has concluded that there
was no error made at the plea and sentence hearing and recommends that this appeal be dismissed
for want of jurisdiction. Counsel has notified Appellant of his conclusion and recommendation.

 Because Appellant appears to have knowingly and voluntarily forfeited his right to appeal 
after sentence was imposed, and the trial court did not grant him permission to appeal, his notice of
appeal was ineffectual and the waiver is binding upon him. Hill v. State, 929 S.W.2d 607, 609 (Tex.
App.- Waco 1996, no pet.); Smith, 858 S.W.2d at 609. 

 This appeal is dismissed for want of jurisdiction.

Opinion delivered December 4, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)








COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



DECEMBER 4, 2002



NO. 12-02-00290-CR



GRANT GARDNER,


Appellant


V.


THE STATE OF TEXAS,


Appellee








 Appeal from the 114th Judicial District Court


 of Smith County, Texas. (Tr.Ct.No. 114-0594-02)








 THIS CAUSE came to be heard on the appellate record, and the same being
inspected, it is the opinion of this Court that Appellant has waived his right to appeal his conviction
and that the appeal should be Dismissed.

 It is therefore ORDERED, ADJUDGED and DECREED by the court that this
appeal be, and the same is, hereby Dismissed for want of jurisdiction.

 By per curiam opinion.

 Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.