MARY'S OPINION HEADING 




 NO. 12-03-00138-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




LARRY WAYNE CARTWRIGHT,
§
 APPEAL FROM THE 273RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SHELBY COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 This attempted appeal is being dismissed because Appellant waived his right to appeal. On
October 23, 2002, Appellant pleaded guilty to the offense of possession of a controlled substance,
and the court sentenced him to eight years of imprisonment. Following conviction, Appellant filed
a waiver of his right to appeal, which was signed by Appellant and his attorney and approved in
writing by the trial court on October 23, 2002. 

 A defendant may waive many of his rights including the right to appeal. Riley v. State, 963
S.W.2d 932, 933 (Tex. App.-Austin 1998, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.-Amarillo 1993, pet. ref'd). See also Tex. Code Crim. Proc. Ann. art. 1.14(a) (Vernon Supp.
2003). A knowing and intelligent waiver of the right to appeal made after sentence is imposed will
prevent a defendant from appealing without the consent of the trial court. Ex parte Tabor, 565
S.W.2d 945 (Tex. Crim. App. 1978); Riley, 963 S.W.2d at 933. "No attack on a waiver of the right
to appeal will be entertained without factual allegations supporting a claim of coercion or
involuntariness." Smith, 858 S.W.2d at 609. 

 Nothing in the record shows that Appellant's waiver of the right to appeal was not voluntarily
and intelligently made. The document Appellant signed, entitled "Waiver of Right to File Motion
for New Trial and Right to File Motion in Arrest of Judgment" ("Waiver"), acknowledged that
sentence had been imposed, that he understood he had the right to file a motion for new trial, motion
in arrest of judgment and a notice of appeal, and that after consulting with his counsel concerning
his right to file these documents, he waived those rights. The Waiver was also signed by Appellant's
trial counsel. The trial court then entered the following ruling: 


 If[sic] appearing to the Court that the above WAIVER OF RIGHT TO FILE MOTION FOR NEW
TRIAL AND RIGHT TO FILE MOTION IN ARREST OF JUDGMENT has been made by the
Defendant voluntarily, knowingly and intelligently, after consultation with his Attorney, the same are
hereby APPROVED and ACCEPTED by the Court.


Furthermore, on November 5, 2002, Appellant requested permission to appeal, which the trial court
denied.

 Rule 44.3 of the Texas Rules of Appellate Procedure requires that an Appellant be notified
and given an opportunity to correct or amend defects or irregularities in appellate procedure prior
to the dismissal of an appeal on that basis. Appellant's waiver of the right to appeal was not a defect
or irregularity in appellate procedure. Nevertheless, because it appeared that Appellant's appeal
would have to be dismissed due to his waiver of that right, as a courtesy to Appellant, this court
notified him on May 29, 2003 that because he had waived his right to appeal after sentence was
imposed, the record did not support his presentation of an appeal. Appellant was then informed that
he had until June 9, 2003 to establish his right to appeal, and if he was unable to do so on or before
that date, the case would be dismissed. As of June 11, 2003, Appellant has not responded to the
notice.

 Because Appellant appears to have knowingly and voluntarily waived his right to appeal 
after sentence was imposed, and the trial court did not grant him permission to appeal, his notice of
appeal was ineffectual and the waiver is binding upon him. Hill v. State, 929 S.W.2d 607, 609 (Tex.
App.-Waco 1996, no pet.); Smith, 858 S.W.2d at 609. Accordingly, this appeal is dismissed.

 

Opinion delivered June 11, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.



(DO NOT PUBLISH)