**Dismissed and Memorandum Opinion filed February 9, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-11-01058-CR
_____

**KIM BRUCE MATHIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1302752**

## MEMORANDUM   OPINION

Appellant was convicted by a jury of possession of cocaine in this cause, which is cause number 1302752, and sentenced to seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice.  In accordance with the terms of a plea bargain agreement with the State, in a theft case, cause number 1302149, appellant agreed to enter a plea of guilty in exchange for six months in State Jail, one year of food stamp disqualification, and waiver of his right to appeal in this case.  The trial court

sentenced appellant in cause number 1302149 in accordance with the plea bargain. Appellant filed a pro se notice of appeal. We dismiss the appeal.

The trial court entered a certification of the defendant's right to appeal in which the court certified that the defendant waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification was included in a supplemental record filed in this appeal. Appellant, however, refused to sign the certification. On January 23, 2012, the trial court held a hearing at which appellant, appellant's trial attorney, and the State's attorney were present. At the hearing, the trial court admitted into evidence a copy of the plea papers in the theft case, and a transcript of the plea hearing on that case. The plea papers reflect that appellant entered a plea of guilty, and the prosecutor would recommend that his punishment be set at six months in State Jail, and one year's food stamp disqualification. The plea also stated, "Defendant give[s] up right to appeal in cause no. 1302752 as part of this plea bargain." Appellant signed these plea papers on October 14, 2011, four days after the sentence was imposed in the drug case.

At the plea hearing in the theft case, the following colloquy occurred:

THE COURT: State's recommending six months in the State jail, one year food stamps, that disqualification and that you also give up your right to appeal in Cause No. 1302752 as part of this plea agreement. Is that the State's recommendation?

MR. AZZO [prosecutor]: Your Honor, it is. In addition to that, the State has agreed not to file perjury charges against Mr. Mathis as a result of his testimony in trial that began last Wednesday, ended this past Monday in Cause No. 1302752.

THE COURT: Is that your understanding of the agreement, Mr. Carter?

MR. CARTER [defense attorney]: That's my understanding Your Honor, as well as my client's with the addition also understanding six months is to run concurrent with the time given by the Court with regards to the trial case.

THE COURT: Is that what you're agreeing to, Mr. Mathis?

THE DEFENDANT: Yes, ma'am.

2

THE COURT: Specifically as part of this plea agreement are you giving up your right to appeal in Cause No. 1302752?

THE DEFENDANT: Yes, ma'am.

THE COURT: And you understand in addition to what's written in the plea papers, State has also agreed not to file an aggravated perjury charge. Is that part of your agreement that you entered into with the State?

THE DEFENDANT: Yes, ma'am, I did.

The record supports the trial court's certification that appellant knowingly and voluntarily waived his right to appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005); *Smith v. State*, 858 S.W.2d 609, 612 (Tex. App.—Amarillo 1993, pet. ref'd) (holding that plea bargain agreement in one case to waive appeal in another was valid if made knowingly and voluntarily).

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.
Do Not Publish — TEX. R. APP. P. 47.2(b)