MARY'S OPINION HEADING 




 NO. 12-03-00079-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




MARC CHRISTOPHER SMITH,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







MEMORANDUM OPINION


PER CURIAM


 Appellant attempts to appeal his conviction and eight-year sentence for robbery. Because
Appellant waived his right to appeal, we dismiss. 

 A defendant may waive many of his rights including the right to appeal. Riley v. State, 963
S.W.2d 932, 933 (Tex. App.- Austin 1998, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.- Amarillo 1993, pet. ref'd); see also Tex. Crim. Proc. Code Ann. art. 1.14(a) (Vernon 2002).
A knowing and intelligent waiver of the right to appeal made after sentence is imposed will prevent
a defendant from appealing without the consent of the trial court. Ex parte Tabor, 565 S.W.2d 945
(Tex. Crim. App. 1978); Riley, 963 S.W.2d at 933. "No attack on a waiver of the right to appeal will
be entertained without factual allegations supporting a claim of coercion or involuntariness." Smith,
858 S.W.2d at 609. 

 In the instant case, Appellant entered an open plea of guilty on January 29, 2003, and
sentence was imposed on the same date. Following conviction and the imposition of sentence,
Appellant filed a "Waiver of Motion for New Trial and Motion in Arrest of Judgment and Waiver
of Right to Appeal," which was signed by Appellant and his attorney, and approved in writing by
the trial court. In addition, the trial court signed its certification that Appellant had waived the right
of appeal. Appellant and his counsel also signed that document. The certification is in the form
mandated by the rules of appellate procedure. Tex. R. App. P. 25.2(a)(2), appendix. We find no
indication in the record that the trial court subsequently gave Appellant permission to appeal.

 On March 13, 2003, we notified Appellant that the certification stated that he had waived the
right to appeal. We also informed Appellant that the appeal would be dismissed unless he
established the jurisdiction of this court on or before April 10, 2003. To date, Appellant has neither
established the jurisdiction of this court nor responded to the March 13 notice. Accordingly, this
appeal is dismissed.

Opinion delivered April 16, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.










(DO NOT PUBLISH)