MARY'S OPINION HEADING 




 NO. 12-03-00096-CR


NO. 12-03-00097-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




ARBIE CHOICE,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







MEMORANDUM OPINION


PER CURIAM


 Appellant attempts to appeal two convictions for possession of a controlled substance and
his twenty-year-sentence in each case. Because Appellant waived his right to appeal, we dismiss.

 A defendant may waive many of his rights including the right to appeal. Riley v. State, 963
S.W.2d 932, 933 (Tex. App.- Austin 1998, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.- Amarillo 1993, pet. ref'd); see also Tex. Crim. Proc. Code Ann. art. 1.14(a) (Vernon 2002).
A knowing and intelligent waiver of the right to appeal made after sentence is imposed will prevent
a defendant from appealing without the consent of the trial court. Ex parte Tabor, 565 S.W.2d 945
(Tex. Crim. App. 1978); Riley, 963 S.W.2d at 933. "No attack on a waiver of the right to appeal will
be entertained without factual allegations supporting a claim of coercion or involuntariness." Smith,
858 S.W.2d at 609. 

 In the instant cases, sentence was imposed on February 27, 2003. The trial court signed its
certification that Appellant had waived the right of appeal. Appellant and his counsel also signed
that document. The certification is in the form mandated by the rules of appellate procedure. Tex.
R. App. P. 25.2(a)(2), appendix. We find no indication in the record that the trial court subsequently
gave Appellant permission to appeal.

 On April 3, 2003, we notified Appellant that the certifications stated that he had waived the
right to appeal. We also informed Appellant that the appeals would be dismissed unless he
established the jurisdiction of this court on or before April 14, 2003. To date, Appellant has neither
established the jurisdiction of this court nor responded to the April 3 notice. Accordingly, these
appeals are dismissed.


Opinion delivered April 16, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.




















(DO NOT PUBLISH)