MARY'S OPINION HEADING 




 NO. 12-03-00208-CR


NO. 12-03-00209-CR


NO. 12-03-00210-CR


NO. 12-03-00211-CR


NO. 12-03-00212-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



JEFFREY SHAWN MORRIS,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 Appellant attempts to appeal his conviction and sentence. Because Appellant waived his
right to appeal, we dismiss. 

 A defendant may waive many of his rights including the right to appeal. Riley v. State, 963
S.W.2d 932, 933 (Tex. App.-Austin 1998, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.-Amarillo 1993, pet. ref'd); see also Tex. Crim. Proc. Code Ann. art. 1.14(a) (Vernon 2002).
A knowing and intelligent waiver of the right to appeal made after sentence is imposed will prevent
a defendant from appealing without the consent of the trial court. Ex parte Tabor, 565 S.W.2d 945
(Tex. Crim. App. 1978); Riley, 963 S.W.2d at 933. "No attack on a waiver of the right to appeal will
be entertained without factual allegations supporting a claim of coercion or involuntariness." Smith, 
858 S.W.2d at 609. 

 In the instant case, Appellant entered an open plea to three counts of aggravated sexual
assault of a child, one count of indecency with a child, and one count of sexual assault. Sentence
was imposed on May 30, 2003. Following conviction and the imposition of sentence, Appellant
filed a "Waiver of Motion for New Trial and Motion in Arrest of Judgment and Waiver of Right to
Appeal," which was signed by Appellant and his attorney, and approved in writing by the trial court. 
We find no indication in the record that the trial court subsequently gave Appellant permission to
appeal.

 On August 28, 2003, we notified Appellant that the certification stated that the record
contains a waiver of his right to appeal. We also informed Appellant that the appeal would be
dismissed unless he established the jurisdiction of this court on or before September 8, 2003. To
date, Appellant has neither established the jurisdiction of this court nor responded to the August 28
notice. Accordingly, this appeal is dismissed.

Opinion delivered September 24, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.





















 


(DO NOT PUBLISH)