

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00117-CR

_____


LEANNA LUNA, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 217th Judicial District Court
Angelina County, Texas
Trial Court No. CR-28888


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

After a putative waiver of the right to appeal, Leanna Luna pled guilty, in an open plea before the 217th Judicial District Court in Angelina County,[1] to two counts of robbery.[2] After signing her waiver and before she pled guilty, Luna had been admonished by the trial court that she had waived the right to appeal anything except matters arising from the sentencing hearing. After her plea and some delay in getting a presentence investigation (PSI) report, the trial court found her guilty and sentenced her to four years' confinement in this case and two years' confinement in the companion case.

Luna seeks to appeal from her conviction, arguing that her guilty plea was involuntary and that her trial counsel was ineffective. The State cites the waiver of the right to appeal and contests Luna's substantive arguments on appeal. We affirm the trial court's judgment because—although (1) Luna's right to appeal was not waived—(2) the claim that Luna's plea was involuntary was not preserved, and (3) the record does not demonstrate ineffectiveness by Luna's trial counsel.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The trial court proceeding appealed in this matter bears the trial court's cause number 28888. In a companion case, trial court cause number 28889, Luna pled guilty to possession of less than one gram of cocaine. That companion appeal bears our cause number 06-10-00118-CR and is being decided at the same time as this case.

2

*Luna's Right to Appeal Was Not Waived*

The first question we must address involves the jurisdiction of this Court. The trial court's certification of Luna's right to appeal contains a handwritten notation reciting that Luna waived her right to appeal the guilty plea in this case, but that she reserved the right to appeal the punishment proceedings.

The facts of this case regarding the waiver of appeal are similar to those in *Ex parte Delaney*, where the court held the defendant's waiver to be ineffective when he or she did not know what the punishment would be and the State gave no consideration for the waiver. 207 S.W.3d 794, 795–96 (Tex. Crim. App. 2006). The court held that "simply knowing the range of punishment for the offense is not enough to make the consequences of a waiver known with certainty, because it still does not allay the concern that unanticipated errors may occur at the punishment phase of trial." *Id.* at 799.[3]

In *Ex parte Broadway*, the defendant chose to enter an open plea and waive his right to a jury trial in order to ensure that the judge would be able to consider deferred adjudication community supervision with drug treatment, but the State "did not want to consent [to the defendant's] waiver of a jury trial." 301 S.W.3d 694, 697–98 (Tex. Crim. App. 2009). The defendant induced the State to consent by waiving his right to appeal. *Id*. at 698. The court

---

[3]In *Delaney*, the court was confronted with only a waiver of an appeal from punishment because, as a final adjudication of guilt following revocation of a deferred adjudication, at that time, the only appealable aspect of the proceeding was punishment.

found that that constituted a bargain, distinguishing the case from *Delaney*, and held "that a defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver." *Id.* at 699.[4]

The State cites an earlier case for the proposition that a valid, nonnegotiated waiver of appeal will prevent a defendant from appealing any issue without the consent of the trial court. TEX. CODE CRIM. PROC. ANN. arts. 1.14 (Vernon 2005), 44.02 (Vernon 2006); *Monreal v. State*, 99 S.W.3d 615, 616 (Tex. Crim. App. 2003). In its argument, the State relies on *Monreal*, which states, in part:

> When asked to choose between a rule stating that a waiver of appeal is binding unless and until the defendant files a notice of appeal and a rule stating that a valid waiver of appeal is binding on the defendant and will prevent the defendant from appealing without the consent of the trial court, we have consistently opted for the latter. *See Ex parte Dickey*, 543 S.W.2d 99; *Johnson*, 556 S.W.2d 816; *Ex parte Tabor*, 565 S.W.2d 945. This decision has never been based on whether the defendant received some benefit in exchange for the waiver, but rather on whether, as the rule states, the waiver was voluntary, intelligent, and knowing, and thus valid. *See Id.*; *and also Blanco*, 18 S.W.3d 218.

*Monreal*, 99 S.W.3d at 622. The rather important word the State ignores in *Monreal* is that the waiver must be "valid." If the waiver is not voluntary, intelligent, and knowing, it cannot be valid. In *Monreal*, the waiver of appeal was entered after the jury verdict and judgment had been imposed and was therefore unquestionably a valid waiver of appeal.

---

[4]In so finding, the court examined its previous decision in *Delaney* and strongly questioned whether, be it an open plea or a negotiated plea agreement, a defendant can never know the punishment with certainty. *Id.* at 697–99 ("the fundamental nature of an open plea is uncertainty").

In this case, Luna pled guilty with no plea agreement. After taking Luna's plea on February 19, 2010, the trial court did not find her guilty, but continued the trial pending receipt of a PSI report. At some point before the plea proceeding, Luna had signed a waiver of right of appeal, as acknowledged by the trial court. During the plea, the court informed Luna that she had given up her right to appeal. The record contains a written waiver of right of appeal, signed by Luna February 19, which contains this language:

> Having been informed of whatever right to appeal may exist, and having agreed to waive my right to appeal both guilt/innocence and punishment, and after having consulted with my attorney, I hereby voluntarily, knowingly and intelligently waive my right to appeal.

As previously noted, the final version of the certification of right of appeal signed by the trial court in this case states that Luna has waived her right of appeal except for punishment issues. The punishment and sentencing hearing was conducted on May 18, 2010.

In this case, Luna signed a "waiver" before being sentenced—even before the trial court concluded the guilt portion of the proceeding—and after the court had explained the range of punishment for the offenses. The State made no punishment recommendation. *Cf. Delaney*, 207 S.W.3d at 799. No negotiated plea agreement existed, and the record does not indicate the existence of any other sort of agreement. *See Broadway*, 301 S.W.3d at 697.

There is nothing in this record to indicate that Luna's written waiver was bargained for, that any consideration was given by the State for the waiver, or that she knew the consequences of signing the waiver. Under these facts and the analysis endorsed by the Texas Court of Criminal

5

Appeals in *Broadway*, this waiver could not qualify as being "voluntarily, knowingly, and intelligently" made. The appeal is, therefore, fully before this Court, and we will not limit its scope as suggested by the trial court's addendum to the certification.

*The Claim that Luna's Guilty Plea Was Involuntary Was Not Preserved*

On appeal, Luna argues that "there is no showing that [she] understood her plea and understood the required elements of the indictment she [pled] to" and, therefore, her plea was involuntary.

The State contends that this argument has not been preserved for review. We agree.

Luna did not object to the plea proceeding or challenge the voluntariness of her plea of guilty at any time before or after the plea hearing or sentencing hearing. Without a timely objection, motion, or request that the trial court inquire into the voluntariness of her plea, Luna has forfeited her right to complain about the issue on appeal. *See Mendez v. State*, 138 S.W.3d 334, 339, 350 (Tex. Crim. App. 2004). We overrule this point of error.

*The Record Does Not Demonstrate Ineffectiveness by Luna's Trial Counsel*

Luna also contends that she received ineffective assistance of counsel at trial, pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). Luna's argument is multifarious[5] and risks rejection on that basis alone;[6] but in the interest of justice, we address her complaint as best we

---

[5]A point of error is multifarious if it embraces more than one specific ground of error. *Mays v. State*, 318 S.W.3d 368 (Tex. Crim. App. 2010).

[6]*See, e.g., Wood v. State*, 18 S.W.3d 642, 649 n.6 (Tex. Crim. App. 2000).

6

can.

Luna argues that her trial counsel was ineffective because he: (1) allowed Luna to sign a waiver of appeal; (2) failed to object to the trial court's certification of her right of appeal as to punishment only; (3) failed to explain to Luna, or prompt the court to explain to her, the elements of the charged offense; (4) failed to object to the PSI report; (5) failed to question the community supervision officer who offered the PSI report; (6) failed to offer evidence regarding Luna's social history, history of drug use, her need for rehabilitation and treatment, or other evidence to support her request for community supervision.

Ineffective assistance of counsel claims are evaluated under the two-part test formulated by the United States Supreme Court in *Strickland*, requiring a showing of both deficient performance and prejudice. 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd). First, Luna must show that her counsel's representation fell below an objective standard of reasonableness.[7] *Fox*, 175 S.W.3d at 485 (citing *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and was motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The second *Strickland* prong requires a showing that

---

[7]The presumptions and standards of proof of *Strickland* apply to the punishment phase as well as to the trial state of criminal proceedings. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

the deficient performance prejudiced the defense to the degree that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 689; *Tong*, 25 S.W.3d at 712. Failure to satisfy either part of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006).

A *Strickland* claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim.[8] *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 813. Under this standard, a claimant must prove that counsel's representation so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686.

Here, the record is effectively silent regarding why Luna's trial counsel took or failed to take the actions Luna complains of on appeal. Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has failed to rebut the presumption that trial counsel's decision was in some way reasonable. *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). In this case, there is no record at any level to indicate why counsel chose to take or declined to take any of these actions.

---

[8]Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Mallett v.* State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Fuller v. State*, 224 S.W.3d 823, 828–29 (Tex. App.—Texarkana 2007, no pet.). In addressing this reality, the Court of Criminal Appeals has explained that appellate courts can rarely decide the issue of ineffective assistance of counsel because the record almost never speaks to the strategic reasons that trial counsel may have considered. The proper procedure for raising this claim is therefore almost always by application for writ of habeas corpus. *Freeman v. State,* 125 S.W.3d 505, 511 (Tex. Crim. App. 2003); *Aldrich v. State,* 104 S.W.3d 890, 896 (Tex. Crim. App. 2003).

The ineffectiveness of counsel is a matter that must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Smith v. State*, 51 S.W.3d 806, 812 (Tex. App.—Texarkana 2001, no pet.). In the absence of such a record, and lacking anything that would indicate such completely ineffective assistance as could be shown without such a record, we overrule the point of error.

We affirm the judgment.

Jack Carter
Justice

Date Submitted:     November 2, 2010
Date Decided:      November 16, 2010

Do Not Publish