In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00117-CR

                                                ______________________________

 

 

                                           LEANNA LUNA,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 217th
Judicial District Court

                                                           Angelina County, Texas

                                                         Trial Court
No. CR-28888

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

After a putative waiver of the right to
appeal, Leanna Luna pled guilty, in an open plea before the 217th Judicial
District Court in Angelina County,[1]
to two counts of robbery.[2]  After signing her waiver and before she pled
guilty, Luna had been admonished by the trial court that she had waived the
right to appeal anything except matters arising from the sentencing
hearing.  After her plea and some delay
in getting a presentence investigation (PSI) report, the trial court found her
guilty and sentenced her to four years’ confinement in this case and two years’
confinement in the companion case.  

Luna seeks to appeal from her conviction,
arguing that her guilty plea was involuntary and that her trial counsel was
ineffective.  The State cites the waiver
of the right to appeal and contests Luna’s substantive arguments on
appeal.  We affirm the trial court’s
judgment because—although (1) Luna’s right to appeal was not waived—(2) the
claim that Luna’s plea was involuntary was not preserved, and (3) the record
does not demonstrate ineffectiveness by Luna’s trial counsel.

 

 

 

 

Luna’s Right
to Appeal Was Not Waived

 

The first question we must address involves
the jurisdiction of this Court.  The
trial court’s certification of Luna’s right to appeal contains a handwritten
notation reciting that Luna waived her right to appeal the guilty plea in this
case, but that she reserved the right to appeal the punishment proceedings.

The facts of this case regarding the waiver
of appeal are similar to those in Ex
parte Delaney, where the court held the defendant’s waiver to be ineffective
when he or she did not know what the punishment would be and the State gave no
consideration for the waiver.  207 S.W.3d
794, 795–96 (Tex. Crim. App. 2006).  The
court held that “simply knowing the range of punishment for the offense is not
enough to make the consequences of a waiver known with certainty, because it
still does not allay the concern that unanticipated errors may occur at the
punishment phase of trial.”  Id. at 799.[3]

In Ex
parte Broadway, the defendant chose to enter an open plea and waive his
right to a jury trial in order to ensure that the judge would be able to
consider deferred adjudication community supervision with drug treatment, but
the State “did not want to consent [to the defendant’s] waiver of a jury trial.”  301 S.W.3d 694, 697–98 (Tex. Crim. App.
2009).  The defendant induced the State
to consent by waiving his right to appeal. 
Id. at 698.  The court found that that constituted a
bargain, distinguishing the case from Delaney,
and held “that a defendant may knowingly and intelligently waive his entire
appeal as a part of a plea, even when sentencing is not agreed upon, where
consideration is given by the State for that waiver.”  Id.
at 699.[4]


The State cites an earlier case for the
proposition that a valid, nonnegotiated waiver of appeal will prevent a
defendant from appealing any issue without the consent of the trial court. Tex. Code Crim. Proc. Ann. arts. 1.14
(Vernon 2005), 44.02 (Vernon 2006); Monreal
v. State, 99 S.W.3d 615, 616 (Tex. Crim. App. 2003).  In its argument, the State relies on Monreal, which states, in part:

When asked to choose between a rule stating that a waiver
of appeal is binding unless and until the defendant files a notice of appeal
and a rule stating that a valid waiver of appeal is binding on the defendant
and will prevent the defendant from appealing without the consent of the trial
court, we have consistently opted for the latter.  See Ex
parte Dickey, 543 S.W.2d 99; Johnson,
556 S.W.2d 816; Ex parte Tabor, 565
S.W.2d 945.  This decision has never been
based on whether the defendant received some benefit in exchange for the
waiver, but rather on whether, as the rule states, the waiver was voluntary,
intelligent, and knowing, and thus valid. 
See Id.; and also Blanco, 18 S.W.3d 218.

 

Monreal, 99 S.W.3d
at 622.  The rather important word the
State ignores in Monreal is that the
waiver must be “valid.”  If the waiver is
not voluntary, intelligent, and knowing, it cannot be valid.  In Monreal,
the waiver of appeal was entered after the jury verdict and judgment had been
imposed and was therefore unquestionably a valid waiver of appeal.

In this case, Luna pled guilty with no plea
agreement.  After taking Luna’s plea on February
19, 2010, the trial court did not find her guilty, but continued the trial pending
receipt of a PSI report.  At some point
before the plea proceeding, Luna had signed a waiver of right of appeal, as
acknowledged by the trial court.  During
the plea, the court informed Luna that she had given up her right to appeal.  The record contains a written waiver of right
of appeal, signed by Luna February 19, which contains this language:

Having been informed of whatever right to appeal may
exist, and having agreed to waive my right to appeal both guilt/innocence and
punishment, and after having consulted with my attorney, I hereby voluntarily,
knowingly and intelligently waive my right to appeal.  

 

As previously noted, the final version of
the certification of right of appeal signed by the trial court in this case
states that Luna has waived her right of appeal except for punishment issues.
The punishment and sentencing hearing was conducted on May 18, 2010. 

In this case, Luna signed a “waiver” before
being sentenced—even before the trial court concluded the guilt portion of the
proceeding—and after the court had explained the range of punishment for the
offenses.  The State made no punishment
recommendation.  Cf. Delaney, 207 S.W.3d at 799. 
No negotiated plea agreement existed, and the record does not indicate
the existence of any other sort of agreement. 
See Broadway, 301 S.W.3d at
697.

There is nothing in this record to indicate
that Luna’s written waiver was bargained for, that any consideration was given
by the State for the waiver, or that she knew the consequences of signing the
waiver.  Under these facts and the
analysis endorsed by the Texas Court of Criminal Appeals in Broadway, this waiver could not qualify
as being “voluntarily, knowingly, and intelligently” made.  The appeal is, therefore, fully before this
Court, and we will not limit its scope as suggested by the trial court’s
addendum to the certification.

The Claim
that Luna’s Guilty Plea Was Involuntary Was Not Preserved

 

            On appeal,
Luna argues that “there is no showing that [she] understood her plea and
understood the required elements of the indictment she [pled] to” and,
therefore, her plea was involuntary.  

            The State
contends that this argument has not been preserved for review.  We agree.

            Luna did not
object to the plea proceeding or challenge the voluntariness of her plea of
guilty at any time before or after the plea hearing or sentencing hearing.  Without a timely objection, motion, or
request that the trial court inquire into the voluntariness of her plea, Luna has
forfeited her right to complain about the issue on appeal.  See
Mendez v. State, 138 S.W.3d 334, 339, 350 (Tex. Crim. App. 2004).  We overrule this point of error.

The Record
Does Not Demonstrate Ineffectiveness by Luna’s Trial Counsel

 

            Luna also
contends that she received ineffective assistance of counsel at trial, pursuant
to Strickland v. Washington, 466 U.S.
668 (1984).  Luna’s argument is
multifarious[5] and risks
rejection on that basis alone;[6]
but in the interest of justice, we address her complaint as best we can.   

            Luna
argues that her trial counsel was ineffective because he:  (1) allowed Luna to sign a waiver of appeal;
(2) failed to object to the trial court’s certification of her right of appeal
as to punishment only; (3) failed to explain to Luna, or prompt the court to
explain to her, the elements of the charged offense; (4) failed to object to
the PSI report; (5) failed to question the community supervision officer who
offered the PSI report; (6) failed to offer evidence regarding Luna’s social
history, history of drug use, her need for rehabilitation and treatment, or
other evidence to support her request for community supervision.

            Ineffective
assistance of counsel claims are evaluated under the two-part test formulated
by the United States Supreme Court in Strickland,
requiring a showing of both deficient performance and prejudice.  466 U.S. at 689; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Fox v. State, 175 S.W.3d 475, 485 (Tex.
App.—Texarkana 2005, pet. ref’d).  First,
Luna must show that her counsel’s representation fell below an objective
standard of reasonableness.[7]  Fox,
175 S.W.3d at 485 (citing Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). 
We indulge a strong presumption that counsel’s conduct falls within the
wide range of reasonable, professional assistance, and was motivated by sound
trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  The second Strickland
prong requires a showing that the deficient performance prejudiced the defense
to the degree that there is a reasonable probability that, but for the attorney’s
deficiency, the result of the trial would have been different.  Strickland,
466 U.S. at 689; Tong, 25 S.W.3d at
712.  Failure to satisfy either part of
the Strickland test is fatal.  Ex parte
Martinez, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006).  

            A Strickland claim must be “firmly founded
in the record” and “the record must affirmatively demonstrate” the meritorious
nature of the claim.[8]
 Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Thompson, 9 S.W.3d at 813.  Under
this standard, a claimant must prove that counsel’s representation so
undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result.  Strickland,
466 U.S. at 686.

            Here, the
record is effectively silent regarding why Luna’s trial counsel took or failed
to take the actions Luna complains of on appeal.  Where an appellate record is silent as to why
trial counsel failed to take certain actions, the appellant has failed to rebut
the presumption that trial counsel’s decision was in some way reasonable.  See Mata v. State, 226 S.W.3d 425, 431
(Tex. Crim. App. 2007).  In this case,
there is no record at any level to indicate why counsel chose to take or
declined to take any of these actions.

            The
ineffectiveness of counsel is a matter that must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Smith v. State,
51 S.W.3d 806, 812 (Tex. App.—Texarkana 2001, no pet.).  In the absence of such a record, and lacking
anything that would indicate such completely ineffective assistance as could be
shown without such a record, we overrule the point of error.

            We
affirm the judgment.

 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          November
2, 2010

Date Decided:             November
16, 2010

 

Do Not Publish 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]The
trial court proceeding appealed in this matter bears the trial court’s cause
number 28888.  In a companion case, trial
court cause number 28889, Luna pled guilty to possession of less than one gram
of cocaine.  That companion appeal bears
our cause number 06-10-00118-CR and is being decided at the same time as this
case.





[3]In
Delaney, the court was confronted
with only a waiver of an appeal from punishment because, as a final
adjudication of guilt following revocation of a deferred adjudication, at that
time, the only appealable aspect of the proceeding was punishment.





[4]In
so finding, the court examined its previous decision in Delaney and strongly questioned whether, be it an open plea or a
negotiated plea agreement, a defendant can never know the punishment with
certainty.  Id. at 697–99 (“the fundamental nature of an open plea is
uncertainty”). 





[5]A
point of error is multifarious if it embraces more than one specific ground of
error.  Mays v. State, 318 S.W.3d
368 (Tex. Crim. App. 2010). 

 





[6]See, e.g., Wood v. State, 18 S.W.3d 642,
649 n.6 (Tex. Crim. App. 2000).





[7]The
presumptions and standards of proof of Strickland
apply to the punishment phase as well as to the trial state of criminal
proceedings.  Wiggins v. Smith, 539 U.S. 510 (2003); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

 





[8]Under
normal circumstances, the record on direct appeal will not be sufficient to
show that counsel’s representation was so deficient and so lacking in tactical
or strategic decision making as to overcome the presumption that counsel’s
conduct was reasonable and professional. 
Mallett v. State, 65
S.W.3d 59, 63 (Tex. Crim. App. 2001); Fuller
v. State, 224 S.W.3d 823, 828–29 (Tex. App.—Texarkana 2007, no pet.).  In addressing this reality, the Court of
Criminal Appeals has explained that appellate courts can rarely decide the
issue of ineffective assistance of counsel because the record almost never
speaks to the strategic reasons that trial counsel may have considered.  The proper procedure for raising this claim
is therefore almost always by application for writ of habeas corpus.  Freeman v. State, 125 S.W.3d 505, 511
(Tex. Crim. App. 2003); Aldrich v. State, 104 S.W.3d 890, 896 (Tex.
Crim. App. 2003).