FILED IN
COURT OF CRIMINAL APPEALS

October 9, 2015

ABEL ACOSTA, CLERK

PD-0587-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/9/2015 3:19:38 PM
Accepted 10/9/2015 3:47:51 PM
ABEL ACOSTA
CLERK

**PD-0587-15**

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS

---

## ANDREW OLEVIA JONES

*Appellant,*

## vs.

## THE STATE OF TEXAS

*Appellee*

---

## BRIEF ON PETITION

Petition for Discretionary Review from the First Court of Appeals
No. 01-14-00501-CR, affirming the conviction of Cause No. 1390646
338th District Court of Harris County, Texas
Honorable Brock Thomas, Judge Presiding

---

**ALEXANDER BUNIN**
Chief Public Defender,
Harris County, Texas

---

**MELISSA MARTIN**
Assistant Public Defender
Harris County, Texas
TBN. 24002532
1310 Prairie, Suite 980
Houston, TX 77002
Phone: (713)274-6709
Fax: (713)437-4319
melissa.martin@pdo.hctx.net

IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                      Andrew Olevia Jones
                                                TDCJ# 01930243
                                                Eastham Unit, TDCJ
                                                2665 Prison Road #1
                                                Lovelady, TX 75851


TRIAL PROSECUTOR:                               Jim O'Donnell
                                                Assistant District Attorney
                                                Harris County Texas
                                                1201 Franklin St, 6th Floor
                                                Houston, TX 77002


DEFENSE COUNSEL AT TRIAL:                       Thomas Joseph Lewis
                                                Attorney at Law
                                                1602 Washington Ave
                                                Houston, TX 77007


COUNSEL ON APPEAL FOR APPELLANT:                Melissa Martin
                                                Assistant Public Defender
                                                Harris County TX
                                                1201 Franklin St, 13th Floor
                                                Houston, TX 77002
                                                melissa.martin@pdo.hctx.net


PRESIDING JUDGE:                                Hon. Brock Thomas
                                                338th District Court
                                                Harris County, TX
                                                1201 Franklin St, 15th Floor
                                                Houston, TX 77002

ii

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL................................................................ii

TABLE OF CONTENTS.......................................................................................iii

INDEX OF AUTHORITIES ..................................................................................iv

STATEMENT OF THE CASE ................................................................................ 1

STATEMENT OF THE FACTS............................................................................... 1

STATEMENT OF PROCEDURAL HISTORY ............................................................ 1

STATEMENT REGARDING ORAL ARGUMENT...................................................... 1

ISSUE PRESENTED............................................................................................. 5

THE COURT OF APPEALS ERRED IN DISMISSING APPELLANT'S APPEAL BY FINDING THE STATE HAD GIVEN CONSIDERATION FOR THE WAIVER IN THE PLEA PAPERS AND APPLYING THIS COURT'S HOLDING IN *EX PARTE BROADWAY* RATHER THAN ITS HOLDING IN *EX PARTE DELANEY*, 207 S.W.3D 794 (TEX. CRIM. APP. 2006).
.

SUMMARY OF ARGUMENT................................................................................ 5

ARGUMENT

    A. LAW............................................................................................ 6

    B. ANALYSIS..................................................................................... 12

PRAYER ........................................................................................................ 15

CERTIFICATE OF SERVICE............................................................................... 16

CERTIFICATE OF COMPLIANCE ...................................................................... 16

APPENDIX

# INDEX OF AUTHORITIES

**Cases**

*Blanco v. State*, 18 S.W.3d 218 (Tex. Crim. App. 2000) ................................................7, 8, 9

*Ex Parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009) ....................................passim

*Ex Parte Delaney*, 207 S.W.3d 794 (Tex. Crim. App. 2006). ......................................passim

*Ex Parte Dickey*, 543 S.W. 2d 99 (Tex. Crim. App. 1976)(opinion on original submission). ...............................................................................................5, 6, 7, 15

*Ex Parte Huskins*, 176 S.W. 3d 818 (Tex. Crim. App. 2005) ........................................... 10

*Ex Parte Reedy*, 282 S.W.3d 492 (Tex. Crim. App. 2009) ............................................... 6, 7

*Jones v. State*, 01-14-00501-CR, 2015 WL 173491 (Tex. App.—Houston [1st Dist.] mem. op., not designated for publication)............................................................................1, 13

*Monreal v. State,* 99 S.W. 3d 615 (Tex. Crim. App.2003) ........................................6, 7, 8, 9

*Panelli v. State*, 709 S.W.2d 655 (Tex. Crim. App. 1986).................................................... 8

*Smith v. State*, 440 S.W.2d 843 (Tex. Crim. App. 1969).............................................6, 7, 15

*Ex Parte Thomas, 545 S.W.2d 470 (Tex. Crim. App. 1977)* .................................................. 9

*Ex Parte Townsend*, 538 S.W.2d 419 (Tex. Crim. App. 1976). ........................................... 9

*Von Schounmacher v. State*, 5 S.W. 3d 221 (Tex. Crim. App. 1999).................................. 10

*Washington v. State*, 363 S.W.3d 589 (Mem) 2012) ...................................................6, 13, 15

**Statutes**

Tex. Code Crim. Proc. Art. 27(b) ....................................................................................... 8

Tex. Penal Code §12.42(b). ............................................................... 14

Tex. Penal Code §22.01(b-1), (1), (2), & (3) ................................................1, 14

**Rules**

Tex. Rules App. Proc. 25.2(a)(2)................................................................ 10

## Statement of the Case

Mr. Jones, appellant, was charged by indictment of second-degree felony assault of a family member under sec. 22.01(b-1) on August 23, 2013. The indictment alleged a prior final felony conviction for aggravated assault of a family member and two enhancement paragraphs: 1) prior final felony conviction for aggravated robbery; and 2) a prior final felony conviction for possession of a controlled substance, which the state abandoned (C.R. at 24). He pleaded guilty to the trial court without an agreed recommendation and requested a presentence investigation report (PSI) and a PSI hearing before the court.

The trial court, after the hearing held on May 14, 2014, sentenced Mr. Jones to 15 years in the Institutional Division of the Texas Department of Criminal Justice. The First Court of Appeals dismissed the direct appeal in *Jones v. State*, 01-14-00501-CR, 2015 WL 173491 (Tex. App.—Houston [1st Dist.] mem. op., not designated for publication).

## Statement of Facts

### A.    The Pertinent Documents

Mr. Jones initialed the following paragraph in the plea admonishments:

> PERMISSION TO APPEAL: If the punishment assessed by the Court does not exceed the punishment recommended by the prosecuting attorney and agreed to by you and your attorney, the Court must give its permission to you before you can appeal any matter in the case, except for matters raised by written motion filed prior to trial.

(C.R. at 56-7).

The first page of the standard, preprinted plea form, "Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession," set out the charge, the existence of a prior aggravated assault of a family member, and two felony enhancement paragraphs, the second of which had a line through it. The second page ended with the following paragraph:

> I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at_____
>
> _____
>
>  WOAR (handwritten)
>
> _____
>
> and I agree to the recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor.

(C.R. at 54). This paragraph was followed by appellant's signature.

The trial court's Certification of Defendant's Right to Appeal indicates that Mr. Jones "has waived the right to appeal" and is signed by Mr. Jones and his attorney (C.R. at 61). On the next page in the Clerk's Record is an untitled document recording the case number, the names of appellant and the prosecutor, and the words "Plea Information" (C.R. at 61). This information is followed by a handwritten notation: "Abandon one e (circled) ¶, plead to PSI WOAR." This document is not signed by anyone, nor is it dated. (C.R. at 61).

## B.   The Plea Colloquies

Mr. Jones's plea was entered on March 19, 2014 and was at that time reset to May 14, 2015 for a punishment hearing following a presentence investigation (C.R. at

2

53-54; 64). Both the plea colloquy and the hearing were made on the record (2 R.R and 3 R.R.).

At the March plea colloquy, the trial court and appellant engaged in the following dialogue:

> THE COURT: Mr. Jones, you stand charged by indictment with the offense of assault of a family member, second offender. State's alleged that you've once before been convicted of assault of a family member and you've also once before been convicted of the offense of aggravated robbery.
> How do you plead to those enhancements, true or not true?
>
> THE DEFENDANT: True.
>
> THE COURT: The range of punishment in your case, then, is not less than two no (*sic*) more than 20 years TDC and a fine not to exceed $10,000. Do you understand that that's the range of punishment?
>
> THE DEFENDANT: Yes sir.
>
> THE COURT: How do you plead?
>
> THE DEFENDANT: Guilty.

(2 R.R. at 5).

Further into the colloquy, the trial court admonished that by signing the plea, Mr. Jones was giving up his right to a jury trial and to call witnesses, question witnesses, and even testify on his own behalf. The court mentions nothing about giving up his right to appeal (2 R.R. at 7). The court then states: "This case is a plea without an agreed recommendation. That means it is what it says (*sic*), that there is no agreement between

3

you and the State as to what the resolution of this case should be. Do you understand that?" (2 R.R. at 7-8).

At the hearing, the trial court conducted a second plea colloquy prior to proceeding with testimony (3 R.R. at 6-9). This time, the court explained that the range of punishment at the original plea had been incorrect:

> [Y]ou stand charged by indictment with the offense of assault on a family member by impeding breathing. There's (*sic*) two enhancement allegations: One, that you've once before been convicted of aggravated assault of a family member; and that you've once before been convicted of aggravated robbery in 1992. The other enhancement allegation alleging that you committed the offense of possession of a controlled substance in the 262nd District Court in June 1999, the State had abandoned that enhancement allegation.
> But with the two enhancement allegations, how do you plead to those, true or not true?
>
> THE DEFENDANT: True.
>
> THE COURT: All right. Just to be clear – and I believe the paperwork has been corrected to indicate this – that with those two enhancement allegations, that does, in fact, make your range of punishment in your case not less than five years nor more than 99 or life confinement in the Texas Department of Criminal Justice Institutional Division and a fine not to exceed $10,000.
> Do you understand that that's the range of punishment?
>
> THE DEFENDANT: Yes, sir.

(3 R.R. at 6-7).

The court then quickly went over the rest of the plea conditions and again said nothing about Mr. Jones having waived his right to appeal. (3 R.R. at 7-9). Appellant again pleaded "true" to the "two enhancement allegations" and "guilty" to the assault on a family member (4 R.R. at 10). After confirming that appellant still wished to plead

4

guilty, the trial court proceeded with the sentencing hearing (4 R.R. at 10). In neither colloquy did the court mention Mr. Jones's waiver of appeal.

The court of appeals found the state had given consideration by abandoning one of the enhancements at the time of Mr. Jones's plea. The court reasoned that this case is governed by *Ex Parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009), wherein this Court held "a defendant may knowingly and intelligently waive his entire appeal as part of a plea, even when sentencing is not agreed upon, where consideration is given by the state for that waiver." *Broadway*, 301 S.W.3d at 699.

## Issue Presented

The Court of Appeals erred in dismissing appellant's appeal by finding the state had given consideration for the waiver in the plea papers and applying this Court's holding in *Ex Parte Broadway* rather than its holding in *Ex Parte Delaney*, 207 S.W.3d 794 (Tex. Crim. App. 2006).

## Summary of Argument

The court of appeals wrongly dismissed Jones's appeal. The concerns this Court has consistently expressed as to whether a pretrial waiver of appeal is enforceable are present in the case, namely that the defendant has no way of knowing with certainty the punishment that will be assessed and cannot anticipate the errors that may occur during the trial. *Ex Parte Dickey*, 543 S.W. 2d 99 (Tex. Crim. App. 1976)(opinion on original submission). The record does not reflect the state gave consideration for Mr. Jones's waiver of appeal. This Court's holdings in *Ex Parte Delaney* and *Washington v. State*, 363

5

S.W.3d 589 (Mem) 2012), not *Ex Parte Broadway,* state the law governing the facts of this case.

**Argument**

**A**.     **Law**

In order for a waiver of the right to appeal to be valid, the waiver must be knowing, voluntary, and intelligent. *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003).

In *Ex Parte Reedy*, 282 S.W.3d 492, 496-98 (Tex. Crim. App. 2009)—handed down the same year as *Broadway*—this Court surveyed its cases regarding pretrial waivers of appeals, as a starting point for its subsequent analysis of Reedy's waiver of his habeas writ. Tracing the development of circumstances that would render a waiver knowingly, voluntarily, and intelligently made, the Court began with *Smith v. State*, 440 S.W.2d 843, 844 (Tex. Crim. App. 1969)(waiver of right to file motion for new trial invalid where waiver was made prior to trial at time where he could know whether he would have grounds to file motion) and *Ex Parte Dickey*, 543 S.W.2d 99 (Tex. Crim. App. 1976)(opinion on original submission)(extended *Smith* to pretrial waivers of appeal as the right to file not matured so cannot know punishment with certainty or anticipate errors that may occur at trial). *Id* at 496.

The Court cited *Dickey* to demonstrate three concerns regarding pretrial waivers:

[T]he procedure of requiring the defendant to waive the right of appeal prior to trial should be condemned. At this point, **the right has not yet**

6

**matured, the defendant has no way of knowing with certainty the punishment that will be assessed** and **cannot anticipate the errors that may occur during the trial.** Surely a waiver of appeal under such circumstances cannot be knowingly and intelligently made.

*Id, citing Dickey*, 543 S.W.2d at 101.

The *Reedy* Court continued its review of these cases up to and including *Delaney* and concluded with the following summation of the state of the pretrial waiver of appeal law at that time:

> Thus, we have held that a defendant may waive his right to appeal, but that his waiver will be knowingly and intelligently made only under circumstances in which, and to the extent that, he is aware of what has occurred in the trial proceedings. Only then is he in a position to know the nature of the claims he could have brought on appeal but for his waiver.

*Id* at 498.

Two of the cases discussed within *Reedy* upheld waivers. *Blanco v. State*, 18 S.W.3d 218 (Tex. Crim. App. 2000) and *Monreal v. State,* 99 S.W. 3d 615 (Tex. Crim. App.2003). In *Blanco*, the defendant waived his right to appeal after he was convicted but before his sentence. *Blanco*, 18 S.W.3d at 219. In exchange for the waiver, the state agreed to recommend a 16-year punishment to the trial court; the court abided by the recommendation. *Id.* Blanco appealed and, on dismissal by the court of appeals, filed a petition for discretionary review in this Court, arguing his waiver was invalid because it was made prior to punishment *Id.*

On review, this Court, in upholding the waiver, reasoned that the concerns originally expressed in *Smith* and *Dickey*--unanticipated errors at trial and uncertainty

7

regarding punishment--were not present in Blanco's case.[1] Blanco had been present during the trial and would have been aware of any appealable error prior to signing the waiver. *Id.* And any error there might have been in the punishment phase was rendered moot because the trial judge followed the terms of the punishment agreement. *Id* at 220.

In *Monreal*, the defendant signed the waiver after conviction and assessment of punishment by a jury and judgment rendered by the trial court. *Monreal* 99 S.W.3d at 616. The record does not reveal why Monreal chose to sign the waiver under those circumstances. Monreal had argued that the waiver was unenforceable because he had had no negotiated plea bargain with the state, citing *Blanco* as authority. *Id* at 616-17. This Court upheld the waiver as knowingly and intelligently made because at that point he "would [have known] what his punishment would be and what errors [had] occurred during trial at the time of his waiver." *Id* at 618.

The overriding principle in all these opinions is that pretrial waivers can only be knowing and voluntary, and thus valid, if the defendant can know with certainty the consequences of the waiver at the time he makes it. This principle is reiterated in *Delaney*, and explicitly distinguishes the circumstances of Delaney's waiver to those of Blanco and Monreal:

---

[1] The first concern—premature motion for new trial and notice of appeal, respectively—were disposed of by the passage of art. 27(b) of the Texas Code of Criminal Procedure and *Panelli v. State*, 709 S.W.2d 655, 657 (Tex. Crim. App. 1986).

In *Monreal*, we explained that *Blanco* does not require a plea agreement for a waiver to be binding; rather, the importance of the plea agreement in *Blanco* was that it determined that Appellant's waiver was knowing and intelligent by specifying the punishment…. *Monreal* held that there is no requirement that a waiver be bargained for in order for it to be binding…. However, the unbargained-for waiver of appeal in *Monreal* was signed after his punishment was assessed and he was sentenced, alleviating the concerns raised in *Thomas* and *Townsend*.

*Delaney*, 207 S.W.3d at 798.

*Delaney*, which was before this Court in a habeas proceeding, involved an open plea and a motion for deferred adjudication. *Id* at 207 S.W.3d at 795-96. Delaney was given a choice of accepting the trial court's punishment or asking for a jury to assess his sentence. He chose an open plea to the trial court in hopes of being granted deferred adjudication. At the plea hearing, he waived the right to a jury trial, pleaded guilty, and stipulated to the truth of the allegations in the indictment. The court granted him ten years deferred adjudication. *Delaney*, 207 S.W.3d at 796.

The court asked applicant if he wanted to accept this sentence or would like a jury to determine punishment. He chose to accept the court's deferred sentence. Applicant was informed of his right to appeal. He testified that he understood his rights and signed a waiver of appeal. The waiver of the right to appeal states that "he does not wish to appeal his conviction and expressly waives his right to appeal."

*Id.*

Delaney was eventually adjudicated and sentenced to life in prison; the trial court refused to grant him permission to appeal. *Id* at 795.

This Court, in analyzing Delaney's situation, distinguished it from that of Blanco, in that Delaney had no plea bargain, stated:

9

> Even when a waiver is bargained for in exchange for deferred adjudication, if the plea agreement does not contain a recommended punishment to be imposed if guilt is adjudicated, then the waiver may not be knowing and intelligent and thus may not be valid.

*Delaney*, 207 S.W.3d at 799, citing *Ex Parte Huskins*, 176 S.W. 3d 818, 819 (Tex. Crim. App. 2005)(even if parties have plea bargain as to punishment if adjudication occurs, the trial court is not bound to follow said agreement) & *Von Schounmacher v. State*, 5 S.W. 3d 221, 223 (Tex. Crim. App. 1999)(regardless of whether deferred adjudication was part of plea bargain and contained a sentence recommendation for sentence at adjudication, when adjudication occurs trial court is restricted in sentence only by statutory limits).

In *Broadway*, this Court recognized that there are some plea agreements between defendants and the state that do not fall within the definition of "plea bargain" in Rule 25.2(a)(2). *Broadway*, 301 S.W.3d at 698, 699; Tex. Rules App. Proc. 25.2(a)(2). That rule defines a plea bargain as:

> [A] case in which a defendant's plea of guilty of nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant….

Tex. Rules App. Proc. 25.2(a)(2). The rule provides in those cases the defendant cannot appeal without permission from the trial court. *Id.*

Broadway's circumstances were almost identical to Delaney's. He was facing a punishment range of 25 years to life in prison. *Broadway*, 301 S.W.3d at 696. The state's recommendation was 25 years, the minimum, in exchange for a plea. *Id.* He rejected the

state's offer, waived his right to appeal and entered an open plea to the trial court in the hopes of the court granting him deferred-adjudication community supervision and drug treatment. Before Broadway entered his plea, the trial court told him his options: "Jury trial or you could take a plea bargain, which is a minimum of 25 years in prison or do an open plea which [would] allow me to consider giving some kind of drug treatment on probation." *Id.* At punishment, the judge sentenced him to 25 years. *Id.*

Broadway filed claims of ineffective assistance of counsel on the grounds that his attorneys did not inform him of his right to appeal and that they let him waive his right to appeal. *Id.* One of his lawyers filed an affidavit for the evidentiary hearing stating that Broadway had "waived his right of appeal in order to induce the [S]tate to waive its right to force a jury trial in order that he could ask the court to give him deferred probation with drug treatment." *Id.* The trial court included that assertion in his findings of facts and conclusions of law, concluding Broadway had knowingly and voluntarily waived his right to appeal before pleading; the court recommend against relief.

This Court set the case for submission "to determine whether a defendant can voluntarily waive his entire appeal as part of plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver." *Id.*

In finding that Broadway did voluntarily waive his entire appeal, the Court distinguished his circumstances from Delaney's. The Court pointed out that there was no bargain in *Delaney*, whereas in *Broadway*, although he had rejected the state's plea offer, there was a "bargain of a different sort." *Id* at 697-98. Because the state had not

wanted to agree to Broadway's waiving a jury trial after he had rejected its plea bargain offer, the trial court found the applicant had "induced the State to consent [to permitting him to waive a jury trial]." This Court agreed the state's consent, under those circumstances, constituted consideration, holding his waiver was knowing because he "knew the consequences of his waiver." *Id* at 698.

## B.     Analysis

In Mr. Jones's case, there is no evidence of a bargain such as the one in *Broadway*. The mere fact that the state abandoned the second enhancement paragraph does not indicate that the plea waiver was given in exchange for the abandonment. Mr Jones initialed paragraph 3 in the preprinted omnibus admonishments signed before entering his plea, even though it was inapplicable to his case, since he was intending to plead without an agreed sentencing recommendation (C.R. at 56-57). He signed the boilerplate plea form, "Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession," which negates the existence of a recommendation by the prosecutor with a handwritten "WOAR" in the blank provided for the terms of the plea bargain the form was designed to anticipate (C.R. at 54). Further, the boilerplate waiver of appeal is conditioned on the court's accepting "the foregoing plea bargain between myself (*sic)* and the prosecutor." (C.R. at 54). There was no "foregoing plea bargain."

The court of appeals characterizes the document following the plea papers as though it were one of the plea papers but it bears no indications that it is anything other than what it says it is: "Plea Information" (C.R. at 61). It certainly does not "memorialize

12

[the prosecution's] agreement to drop the enhancement in exchange for Jones's plea without an agreed recommendation." *Jones*, 2015 WL at *2. There is simply no evidence supporting such an agreement. Further, *Broadway* endorses a bargain wherein consideration is given by the state for the defendant's waiver of appeal, not his plea. *Broadway*, 301 S.W.3d at 696 and *passim*.

Finally, although Mr. Jones signed the trial court's certification indicating he had waived his right to appeal, there is no way of knowing whether the box indicating waiver was checked prior to his plea or when the judge accepted it.

This Court reiterated its consistent position regarding pretrial and presentencing appeal waivers as recently as 2012, stating "…when a defendant waives his right to appeal before sentencing and without an agreement on punishment, the waiver is not valid." *Washington v. State*, 363 S.W.3d 589-90, (Mem) (Tex. Crim. App. 2012). In her concurring opinion in that case, Chief Justice Keller wrote:

> Although *Delaney* involved a waiver of appeal at the original guilty plea, before adjudication was deferred, rather than at the adjudication hearing, the rationale for holding the waiver to be involuntary in *Delaney* was "the concern that unanticipated errors may occur at the punishment phase of trial."[5] The same concern exists here. I therefore agree with the Court that the rationale in *Delaney* applies in this case and that appellant's waiver was invalid.

*Id* at 590-91 (citations omitted).

In this case, the trial court, in the first plea colloquy, misinformed Mr. Jones as to the range of punishment he would face at the punishment hearing (2 R.R. at 5). The court was mistaken in two ways. The prior aggravated assault on a family member

13

paragraph is not a punishment "enhancement." The prior conviction for assault of a family member, second offender, is an element of §22.01(b-1), which makes assault a second-degree felony if (1)the offense is committed against a family member; (2)the defendant has been previously convicted of assault of a family member; and (3)the offense is intentionally, knowingly, or recklessly impeding normal breathing. Tex. Penal Code, §22.01(b-1)(1), (2), and (3). The punishment range for a second-degree felony is two to 20 years in prison.

The remaining prior felony conviction allegation is an enhancement paragraph that increases the second-degree felony punishment range from two to 20 years to that of a first-degree felony, namely five years to 99, or life in prison. Tex. Penal Code, §12.42(b). The court, therefore also misstated the range of punishment Mr. Jones was facing.

In the second colloquy, the trial court arrived at the correct range of punishment but again misstated the legal situation--he described a third-degree offense with two prior felony enhancements, when in fact the offense with which Mr. Jones was charged is a second-degree felony with one prior felony enhancement. [2]

---

[2] The judgment correctly stated the charge was a second-degree felony; however it indicated that there had been only one enhancement and it was abandoned (C.R. at 91). These issues were addressed in petitioner's brief on appeal.

These errors are precisely the type that have concerned this Court about pretrial waivers of appeals all through line of cases beginning with *Smith* and *Dickey* and continuing through *Delaney* and *Washington*.

**Prayer**

Petitioner asks the Court to reverse the First Court of Appeals' dismissal of his appeal because the record does not support that court's finding that the state bargained for the pre-punishment waiver of appeal. He further asks that the Court remand his case to the court of appeals and order all appropriate relief.

Respectfully Submitted,

**ALEXANDER BUNIN**
Harris County Public Defender

*/s/ Melissa Martin*

_____

**MELISSA MARTIN**
Assistant Public Defender
1201 Franklin, 13th Floor
Houston, TX 77002
Phone 713-274-6709
Fax 713-437-4319
Texas Bar No. 24002532
melissa.martin@pdo.hctx.net

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Petition for Discretionary Review was e-served to Alan Curry, Assistant District Attorney, Harris County Texas and to the State Prosecuting Attorney.

/s/Melissa Martin

_____

MELISSA MARTIN

**CERTIFICATE OF COMPLIANCE**

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(e)(i)*.

1.    Exclusive of the portions exempted by *Tex. R. App. Proc. 9.4 (i)(1)*, this brief contains 3,811 words printed in a proportionally spaced typeface.

2.    This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 12 point font in footnotes produced by Microsoft Word software.

3.    Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.    Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*/s/ Melissa Martin*

_____

**MELISSA MARTIN**

THE STATE OF TEXAS
VS.

ANDREW OLEVIA JONES
5827 W. TIDWELL
HOUSTON, TX

**01221455**

SPN:
DOB: BM 11/25/73
DATE PREPARED: 6/7/2013

D.A. LOG NUMBER:1965798
CJIS TRACKING NO.:
BY: AC  DA NO: 002501772
AGENCY:HPD
O/R NO: 65596513Y
ARREST DATE: **TO BE**

NCIC CODE: **1399 03**

RELATED CASES:

FELONY CHARGE:  **Assault of Family Member Second Offender and Impeding BreathingAssault of Family Member Second Offender**
CAUSE NO.:
HARRIS COUNTY DISTRICT COURT NO:
FIRST SETTING DATE:

**1390646**
**338**

BAIL: $NO BOND
PRIOR CAUSE NO:

## WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION

In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, **ANDREW OLEVIA JONES**, hereafter styled the Defendant, heretofore on or about **MAY 27, 2013**, did then and there unlawfully, intentionally and knowingly cause bodily injury to GABRIEL JONES, hereafter styled the Complainant, a member of the Defendant's family, by impeding the normal breathing or circulation of the blood of the Complainant by applying pressure to the Complainant's neck.

It is further presented that, before the commission alleged above, the Defendant, on JANUARY 17, 2008, in the 232ND DISTRICT COURT of HARRIS County, Texas, in Cause Number 1130503, was convicted of AGGRAVATED ASSAULT OF A FAMILY MEMBER, which was committed against a member of the Defendant's family.

Before the commission of the offense alleged above, (hereafter styled the primary offense), on OCTOBER 29, 1992, in Cause Number 646478, in the 174TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of AGGRAVATED ROBBERY.

Before the commission of the primary offense, and after the conviction in Cause Number 646478 was final, the Defendant committed the felony of POSSESSION OF A CONTROLLED SUBSTANCE and was finally convicted of that offense on JUNE 15, 1999, in Cause Number 807973, in the 262ND DISTRICT COURT of HARRIS County, Texas.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

# APPENDIX

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

I understand the above allegations and I confess that they are true and that the acts alleged above were committed on

_May 27, 2013_

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at _____

_WOAR_

and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor.

_____
DEFENDANT

Sworn to and Subscribed before me on _3/19/2014_

_____  3/19/2014
HARRIS COUNTY DEPUTY DISTRICT CLERK

I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him. I believe that he is competent to stand trial. I agree to the prosecutors recommendation as to punishment. I waive any further time to prepare for trial to which I or the defendant may be entitled.

_Thomas J. Lewis_                          _____
DEFENDANT'S ATTORNEY (PRINT)                SIGNATURE OF DEFENDANT'S ATTORNEY

I consent to and approve the above waiver of trial by jury and stipulation of evidence

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS

This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.

**FILED**
Chris Daniel
District Clerk
Time: _____
MAR 19 2014
By _____
Harris County, Texas
Deputy

_____
JUDGE PRESIDING

PLEA OF GUILTY

54

CAUSE NUMBER 1390646

THE STATE OF TEXAS

V.

Andrew Jones

IN THE 338th DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

## PLEA ADMONISHMENTS

Pursuant to Article 26.13 of the Texas Code of Criminal Procedure, the Court hereby admonishes in writing the Defendant in the above-captioned cause of action as follows and instructs the Defendant to place his initials by each of the following admonitions to indicate that he fully understands each admonition.

_AJ_ 1. You are charged with the felony criminal offense of _Assault Family Member_ _Impeded Breathing_.

_____ 2. The State moves to reduce such charge to the felony / misdemeanor offense of _____

_____.

If convicted of this offense, you face the following range of punishment:

_____ FIRST DEGREE FELONY: a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ FIRST DEGREE FELONY (enhanced with one prior felony conviction): a term of life or any term of not more than 99 years or less than 15 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ SECOND DEGREE FELONY: a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_AJ_ SECOND DEGREE FELONY (enhanced with one prior felony conviction): a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ THIRD DEGREE FELONY: a term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

55



_____ HABITUAL FELONY OFFENDER: a term of life or any term of not more than 99 years or less than 25 years in the Institutional Division of the Texas Department of Criminal Justice.

_____ THIRD DEGREE FELONY (enhanced with one prior felony conviction): a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ STATE JAIL FELONY: a term of not more than 2 years or less than 6 months in a State Jail and, in addition, a possible fine not to exceed $10,000.

_____ HABITUAL STATE JAIL FELONY: any term of not more than 20 / 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ STATE JAIL FELONY WITH A DEADLY WEAPON OR A PRIOR CONVICTION FOR A 3G OFFENSE UNDER ART. 42.12, CODE OF CRIMINAL PROCEDURE: a term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000.

_____ STATE JAIL FELONY SENTENCED UNDER PENAL CODE SECTION 12.44 (a): a felony conviction punished as a misdemeanor by a term of not more than one year in a county jail and a possible fine not to exceed $4,000.

_____ STATE JAIL FELONY SENTENCED UNDER PENAL CODE SECTION 12.44 (b): a misdemeanor conviction punished by a term of not more than one year in a county jail and a possible fine not to exceed $4,000.

_____ CLASS A MISDEMEANOR: a misdemeanor conviction punished by a term of not more than one year in a county jail and a possible fine not to exceed $4,000.

_____ CLASS B MISDEMEANOR: a misdemeanor conviction punished by a term of not more than 180 days year in a county jail and a possible fine not to exceed $2,000.

_____ OTHER: the range of punishment is by confinement in the Institutional Division of the Texas Department of Criminal Justice / county jail (circle one) for any term of not more than _____ years and not less than _____ years; in addition there is a possible / mandatory (circle one) not to exceed $_____.

2. PLEA BARGAINS: If no plea bargain agreement exists, the recommendation of the prosecuting attorney is not binding on the Court. If a plea bargain agreement does exist, the Court will inform you whether or not it will follow that plea bargain agreement before making any finding on your plea. Should the Court reject the plea bargain agreement, you will be permitted to withdraw your plea, if you so desire.

3. PERMISSION TO APPEAL: If the punishment assessed by the Court does not exceed the punishment recommended by the prosecuting attorney and agreed to by you and your attorney, the Court

56

must give its permission to you before you can appeal any matter in the case, except for matters that were raised by written motion filed prior to trial.

4. **CITIZENSHIP:** If you are not a citizen of the United States of America, a plea of either Guilty or Nolo Contendre (no contest) for this offense may result in your deportation, or your exclusion from admission to the country, or the denial of your naturalization under applicable federal law.

5. **DEFERRED ADJUDICATION:** If the Court defers adjudicating your guilt and places you on community supervision, upon any violation of any imposed condition of your community supervision, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the Court of whether or not to proceed with the adjudication of your guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including the assessment of your punishment and your right to appeal, continue as if adjudication of guilt had not been deferred.

6. **WAIVER OF PRE-SENTENCE REPORT:** As the Defendant accused of a felony criminal offense in the above-captioned cause of action I have consulted with my attorney, whose name is signed below, regarding the application of Article 42.12(9)(a) of the Texas Code of Criminal Procedure to my case which provides that, prior to imposition of sentence by the Court, the Court shall direct a community supervision officer to report to the Court in writing on the circumstances of the offense with which I am charged, including my criminal history, if any, and my social history. I understand that the Court is not required to order such a report if the only available punishment is imprisonment, unless I request that such a report be made. I hereby do knowingly and voluntarily waive my right to the preparation of a report by a community supervision officer and expressly request that such a report not be prepared, except as may otherwise be required by law.

7. **DRIVER'S LICENSE:** Your driver's license may be suspended as a result of the disposition of this case. In certain circumstances, you may be eligible to receive a restricted driver's license during the period of suspension at the discretion of the Court.

8. Comes now the defendant, joined by my attorney, and hereby states that the foregoing Admonishments, Statements, and Waivers, as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession, were read by me or read to me and were explained to me in the language that I read, write, or understand by my attorney, and / or an interpreter, namely _____, before I signed them. I further state that I fully understand the foregoing Admonishments, Statements, and Waivers, as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession, and that I am aware of and fully understand the consequences of my plea. I waive the right to have a court reporter record my plea of Guilty or Nolo Contendre (no contest) or True. I further state that I am mentally competent, that I fully understand the nature of the charges against me, and that my plea is freely, knowingly, and voluntarily entered. If my attorney was appointed by the Court, I hereby give up and waive any right I may have to wait to prepare for trial. I state that I am totally satisfied with the representation given to me by my attorney, and that in my opinion he or she provided fully effective and competent representation. I waive and give up under Article 1.14 of the Texas Code of Criminal Procedure any and all rights given to me by law whether of form, substance, or procedure. Joined by my attorney, I waive and give up my right to a jury trial in this case as well as my right to require the appearance,

confrontation and cross-examination of witnesses. I waive and give up any right of confidentiality that I may have as to the pre-sentence report filed in this case and agree that the report may be publicly filed. I consent to the oral and written stipulations of evidence in this case.

9. JUDICIAL CONFESSION: I hereby state that I have read or have been read the indictment or information filed in this case, and I confess and admit that I committed each and every allegation contained therein. I state that I am guilty of the offenses alleged, as well as any and all lesser included offense. I hereby swear to all the foregoing, and I further swear that all testimony that I give in this case will be the truth, the whole truth, and nothing but the truth, so help me God.

_____
Defendant

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DATE: ___5-14-14___

_____
Deputy District Clerk
Harris County, Texas

We join and approve the waiver of jury trial pursuant to Article 1.13 of the Texas Code of Criminal Procedure and the stipulations of evidence pursuant to Article 1.15 of the Texas Code of Criminal Procedure. In addition, the Court hereby finds as a fact that the Defendant herein is fully mentally competent, and that his or her plea is freely, knowingly and voluntarily entered.

_____
Attorney for Defendant
(signature)

Thomas Lee
_____
Attorney for Defendant
(printed name)

_____
Assistant District Attorney

_____
Judge Presiding
338th District Court
Harris County, Texas

58

Cause No. 1390648

| STATE OF TEXAS | § | IN THE 338 DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| Andrew Jones, | § | OF HARRIS COUNTY, TEXAS |
| Defendant | § | |

## ADVICE OF DEFENDANT'S RIGHT TO APPEAL

**The Court, pursuant to Tex. R. App. P. 25.2, advises the Defendant as follows:**

1. Texas law gives a defendant convicted of a crime the right to appeal his conviction.

2. If you **pleaded guilty** or **no contest** and accepted the punishment recommended by the prosecutor, however, you **cannot** appeal your conviction unless the Court gives you permission. If you **waived** or gave up your right to appeal, you **cannot** appeal your conviction.

3. If you did not plead guilty, you may have the right to appeal. If you want to appeal, you must give notice of appeal **in writing** to this Court's clerk within **30 days**.

4. If an attorney represents you in the court of appeals, your attorney must mail a copy of the court of appeals' judgment and opinion to your last known address. You must tell your attorney in writing of any **change in your address**.

5. If you are not satisfied with your appeal's result, you can ask the Court of Criminal Appeals to review your case by filing a petition for discretionary review in the Court of Criminal Appeals within **30 days** of the issuance of the opinion by the court of appeals. If you fail to inform your attorney of any change in your address, you may lose the opportunity to seek discretionary review.

**The Defendant declares the following to the Court** (choose one):

1. ☑ I read and write English. I have read and I understand this document. __AJ__ (Defendant initial here if true); or

2. ☐ I speak English. _____ (name reader) read this document to me. I understand its contents. _____ (Defendant initial here if true); or

3. ☐ I do not speak English. _____ (name translator) translated this document for me. I understand its contents. _____ (Defendant initial here if true).

_Andrew Olethia Jones_
Defendant's signature
Sworn to and subscribed before me on __3/19/2014__.

_Anycott_ 3/19/2014
Harris County Deputy District Clerk

**FILED**
Chris Daniel
District Clerk

Time: _____
MAR 19 2014

By _____
Harris County, Texas
Deputy

_PRESIDING JUDGE_
338th District Court
Harris County, Texas

 

Cause No. 1390646

THE STATE OF TEXAS

v.

Andrew Jones , Defendant

IN THE 338 DISTRICT COURT

~~COUNTY CRIMINAL COURT AT LAW NO.~~

HARRIS COUNTY, TEXAS

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐ is not a plea-bargain case, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, and the defendant has NO right of appeal. [or]

☒ the defendant has waived the right of appeal.

_____
Judge

3/19/2014
Date Signed

**FILED**
Chris Daniel
District Clerk
MAR 19 2014
By _____
Harris County, Texas

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
Defendant

Mailing Address: _____

Telephone number: _____

Fax number (if any): _____

Thomas Lewis
_____
Defendant's Counsel

State Bar of Texas ID number: 12308540

Mailing Address: 1602 Washington

Telephone number: 713/ 256 - 6779

Fax number (if any): 713/ 861-2952

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case-that is, a case in which a defendant's plea was guilty or *nolo contendere* and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULES OF APPELLATE PROCEDURE 25.2(a)(2).

60

Case #    1390646

Defendant Name   Andrew Jones

Plea information

    Abandon one @ A, plead to PSI WOAR

D. A. Name   Matt Harding

FILED
Chris Daniel
District Clerk
Time: _____
MAR 19 2014
By _____
Harris County, Texas
Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging